US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.                                                                          Case No. 1:19-cv-276
                                                                            Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

---

| POWERS & GREENGARD | VANDERBROEK LAW PLLC |
|---|---|
| Attorneys for Plaintiff | Attorney for Defendant |
| Miles L. Greengard (P76812) | Anne M. VanderBroek (P81541) |
| The Carriage House | 17190 Van Wagoner Rd. |
| 509 Franklin Avenue | Spring Lake, MI 49456 |
| Grand Haven, MI 49417 | (616) 607-7522 (Phone) |
| (616) 512-5474 (Phone) | (616) 682-6108 (Fax) |
| (616) 607-7322 (Fax) | anne@vanderbroeklaw.com |
| mgreengard@powersgreengard.com | |

**Motion for Summary Judgment Pursuant to Fed. R. Civ. Pro. 56**

Defendants move to dismiss the case pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) and state:

1. Plaintiff filed a complaint against Defendants, claiming statutory conversion under MCLA 600.2919a.

2. Pursuant to MCLA 600.2919a(a), Plaintiff must show that Defendants first converted the property and then turned the converted property to their own use or for a purpose personal to them. *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.,* 497 Mich. 337 (2015).

3. Plaintiff must plead and prove that the defendants turned the property to their own use or used the property for their own purposes, the claim for statutory conversion fails.

Plaintiffs Has Not Pled Facts to Establish that the Defendants Turned the Property to Their Own Use

4. Defendants admit that they destroyed the pornography except for the sex toys.

5. The sex toys are currently held by Defendants' attorneys for return to plaintiff upon an agreement as to the value of the items and reduction of the claim.

6. Destruction is an act of dominion that could, if proved, create a common law conversion, it is not a use of the property or a use for a purpose personal to the defendants as required to satisfy the elements of statutory conversion under MCLA 600.2919a.

7. As pled, Plaintiff has failed to establish that the defendants turned the pornography or sex toys for their own use or to a purpose personal to them such to satisfy the Michigan statute.

Request for relief

8. As Plaintiff has failed to establish a *prima facie* case on the merits of his pleadings, and there are no issues of material fact, the Defendants are entitled to judgement as a matter of law pursuant to Fed. R. Civ. Pro. 56.

Respectfully Submitted,

VANDERBROEK LAW PLLC

Dated: May 3, 2019            /s/ Anne M. VanderBroek

Anne M. VanderBroek (P81541)
VanderBroek Law PLLC
Attorneys for Defendants

17190 Van Wagoner Rd.
Spring Lake, MI 49456
616-607-7522
anne@vanderbroeklaw.com

US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.  Case No. 1:19-cv-276
Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDERBROEK LAW PLLC
Attorneys for Defendant
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 682-6108 (Fax)
anne@vanderbroeklaw.com

**Brief in Support of Motion for Summary Judgment**

Plaintiff has plead only one claim: statutory conversion under MCLA 600.2919a.  In his complaint, Plaintiff alleges that the destruction of his personal property by the defendants was the result of the defendant's converting the property to their own use.[1]

However, Plaintiff fails to consider the definition of "own use" according to established case law and legislative history.  While destruction of the property of another is considered a common-law conversion, destruction of the property of another alone is not using another's property for the defendants "own use," as is required to meet the standard of statutory conversion under Michigan law.

Defendants therefore request that summary judgment be entered in their favor pursuant to Fed. R. Civ. Pro. 56.

**Argument – Pornography**

---

[1] Complaint at 33.

Plaintiff has failed to plead common law conversion as a cause of action.[2]  However, defendants include it in their brief for the purposes of distinguishing between the elements of common law conversion, which merely requires asserting some form of "dominion or control over the property of another,"[3] and turning the property to the defendants' "own use,"[4] as is required by the statute.

Common law conversion specifically includes destruction in the definition.  The actual definition is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."[5]  Destruction could be considered an act of dominion such to satisfy the common law standard.  However, Plaintiff has not plead common law conversion.  Plaintiff has only plead statutory conversion in his single-count complaint.

In his single-count complaint, Plaintiff has plead only statutory conversion under MCLA 600.2919a.  The language of MCLA 600.2919a(a) is distinct.[6]  MCLA 600.2919a, in relevant part states: "Another person's stealing or embezzling property or converting property to the other person's own use" (emphasis added).[7]

The statute specifically contemplates stealing, embezzling, or converting property, but applies only when the stolen, embezzled, or converted property is turned to that person's own use.[8]  If the property has not been turned to that person's own use, statutory conversion does not apply and the Plaintiff cannot seek a remedy of treble damages.  Thus, whether the defendants turned the pornography to their own use is the crux of whether they can be found liable of statutory conversion and Plaintiff has not pled sufficient facts to establish that destruction satisfies the own use test contemplated by the statute.

Under a plain language definition, the own use of a pornography would, presumably, be to derive some sort of titillation or physical pleasure from the viewing of the pornography or use of the sex toys.  Another plain language definition of own use would be the sale of the sex toys or pornography.  However, Plaintiff has failed to plead that the defendants did either.

The most relevant case law on the subject, *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, defines "own use" as "used for some purpose personal to the defendants' interests, even if that purpose is not the object's ordinarily intended purpose."[9]

---

[2] *See* Complaint, *supra*.
[3] *Kreiter v. Nichols*, 28 Mich. 496, *supra* (1874) (Cooley, J.).
[4] MCLA 600.2919a(a).
[5] *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438 (1960), quoting *Nelson & Witt v. Texas Co.*, 256 Mich. 65, 70 (1931).
[6] MCLA 600.2919a specifically states as follows: (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
    (a) Another person's stealing or embezzling property or converting property to the other person's own use.
    (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or otherwise converted property knew that the property was stolen, embezzled, or converted.
(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.
[7] *Id.*
[8] *Id.*
[9] *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, 497 Mich. 337, 359 (2015).

In the instant case, the Plaintiff has failed to plead facts sufficient to establish that the defendants used the objects in any way – whether for their ordinarily intended purpose or any other purpose personal to them, as contemplated in the *Aroma* decision.  Instead, the defendants destroyed the pornography, a fate perhaps contemplated under common-law conversion but not statutory conversion under Michigan law.

However, as previously stated, Plaintiff has not pled both common law conversion and statutory conversion under MCLA 600.2919a.  Plaintiff has only pled statutory conversion under MCLA 600.2919a, which requires more than just an act of dominion […] inconsistent with the owner's property rights.[10]  Statutory conversion under MCLA 600.2919a requires that the defendant turn the object to his **own use**[11] and, under the decision in *Aroma*, destruction is not a use nor is it for the defendants' own purpose.

Therefore, since destruction is not a use as considered by MCLA 600.2919a, the elements of statutory conversion are not satisfied as a matter of law and, with no genuine issues of material fact, this court should enter summary judgment in favor of the Defendants pursuant to Fed. R. Civ. Pro. 56.

**Sex Toys**

Plaintiff further includes in his single-count complaint that the sex toys have been statutorily converted by the defendants because the defendants did not destroy those items but "were in no 'hurry to return [the sex toys]'" – that the retention of the sex toys was turning the sex toys to the defendants' own use.[12]  However, Plaintiff has also failed to plead that these items were turned to the defendants' own use as defined in *Aroma*.

As in *Aroma*, here the defendants essentially were a storage facility, though initially unaware of the items they were storing.[13]  Also as in *Aroma*, the defendants moved the Plaintiff's property, in this case the sex toys, from the location where it was placed by the Plaintiff.[14]  However, unlike in *Aroma*, the movement of the property did not result in the spoliation or destruction of the property – specifically, the sex toys.[15]

In the instant case, the Defendants merely failed to return the sex toys.  They did not use the sex toys for any purpose, merely retaining it and later delivering the items to their attorney for return to the Plaintiff once an agreed valuation is reached and the complaint for damages reduced.

Thus, Plaintiff has failed to plead and prove that Defendants have converted the sex toys for their own use.  Therefore, the elements of MCLA 600.2919a are not satisfied as a matter of law and, with no genuine issues of material fact, this court should enter summary judgment in favor of the Defendants pursuant to Fed. R. Civ. Pro. 56.

---

[10] *Kreiter v. Nichols*, *supra*.
[11] *Aroma* at 337.
[12] Complaint at 23.
[13] *Aroma* at 341.
[14] *Id.*
[15] *Id.* at 342.

**Conclusion**

Plaintiff has failed to establish the elements of statutory conversion under MCLA 600.2919a as to either the pornography or the sex toys because no reasonable jury could find that destruction is a use for the Defendants' own purposes or that retaining the sex toys until an agreeable valuation can be reached to reduce the amount of the claim as a use for the Defendants' own purposes. Thus, again, the Plaintiff fails to establish the necessary elements of statutory conversion under MCLA 600.2919a.

As Plaintiff has failed to plead the facts necessary to establish statutory conversion and there is no genuine issue as to material fact as the facts have been plead, Defendants are entitled to judgement as a matter of law. Defendants therefore ask this court to grant Summary Judgement pursuant to Fed. R. Civ. Pro. 56 in their favor.

Respectfully Submitted,

VANDERBROEK LAW PLLC

Dated: May 3, 2019

/s/ Anne M. VanderBroek

Anne M. VanderBroek (P81541)
VanderBroek Law PLLC
Attorney for Defendants

17190 Van Wagoner Rd.
Spring Lake, MI 49456
616-607-7522
anne@vanderbroeklaw.com