US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.

Case No. 1:19-cv-276
Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

| POWERS & GREENGARD | VANDERBROEK LAW PLLC |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant |
| Miles L. Greengard (P76812) | Anne M. VanderBroek (P81541) |
| The Carriage House | 17190 Van Wagoner Rd. |
| 509 Franklin Avenue | Spring Lake, MI 49456 |
| Grand Haven, MI 49417 | (616) 607-7522 (Phone) |
| (616) 512-5474 (Phone) | (616) 682-6108 (Fax) |
| (616) 607-7322 (Fax) | anne@vanderbroeklaw.com |
| mgreengard@powersgreengard.com | |

**Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6)**

Defendants move to dismiss the case pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) and state:

1. Plaintiff filed a complaint against Defendants, claiming statutory conversion under MCLA 600.2919a.

2. Plaintiff later amended that complaint against Defendants, continuing to claim statutory conversion under MCLA 600.2919a.

3. Pursuant to MCLA 600.2919a(a), Plaintiff must show that Defendants first converted the property and then turned the converted property to their own use or for a purpose personal to them. *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.,* 497 Mich. 337 (2015).

4. Plaintiff must plead and prove that the defendants turned the property to their own use or used the property for their own purposes, the claim for statutory conversion fails.

Plaintiffs Has Not Pled Facts to Establish that the Defendants Turned the Property to Their Own Use

5. Defendants admit that they destroyed the pornography except for the sex toys.

6. The sex toys are currently held by Defendants' attorneys for return to plaintiff upon an agreement as to the value of the items and reduction of the claim.

7. Destruction is an act of dominion that could, if proved, create a common law conversion, it is not a use of the property or a use for a purpose personal to the defendants as required to satisfy the elements of statutory conversion under MCLA 600.2919a.

8. As pled, Plaintiff has failed to establish that the defendants turned the pornography or sex toys for their own use or to a purpose personal to them such to satisfy the Michigan statute.

Request for relief

9. As Plaintiff has failed to establish a *prima facie* case on the merits of his pleadings, treble damages as provided by the statute are not available. Without treble damages, Plaintiff's claims fail to meet this count's jurisdictional requirements for diversity jurisdiction since the amount in controversy is less than $75,000. Defendants move for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(1).

10. As Plaintiff has failed to establish a *prima facie* case on the merits of his pleadings and with no additional claims plead, Plaintiff has failed to state a claim upon which relief may be granted. Defendants therefore move for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6).

Respectfully Submitted,

VANDERBROEK LAW PLLC

Dated: May 31, 2019         /s/ Anne M. VanderBroek

Anne M. VanderBroek (P81541)
VanderBroek Law PLLC
Attorney for Defendants

17190 Van Wagoner Rd.
Spring Lake, MI 49456
616-607-7522
anne@vanderbroeklaw.com