| | | |
|---|---|---|
| DAVID ELLIOT WERKING | ) | |
| an Indiana Resident, | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-276 |
| | ) | Hon. Paul L. Maloney |
| vs. | ) | |
| | ) | |
| BETH EILEEN WERKING, | ) | |
| a Michigan Resident, and | ) | |
| PAUL MICHAEL WERKING, | ) | |
| a Michigan Resident, | ) | |
| | ) | |
| Defendants. | ) | |

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDERBROEK LAW PLLC
Attorneys for Defendants
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 682-6109 (Fax)
anne@vanderbroeklaw.com

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Plaintiff states in support of this Motion:

1. Plaintiff has brought forth a claim against Defendants for statutory conversion.

2. There is no genuine dispute as to material facts.

3. There is no genuine dispute as to the law.

4. Plaintiff is entitled to summary judgment under Federal Rule of Civil Procedure 56.

5. Plaintiff has attached a brief to this Motion discussing salient facts and law.

Plaintiff requests the Court to:

A.  Find for Plaintiff on Plaintiff's Count 1 of statutory conversion.

B.  Order a damages hearing at a time convenient for the Court.

C.  Grant Plaintiff any other relief that this Court deems fair and just.


I declare that the statements above are true to the best of my information, knowledge, and belief.

Respectfully submitted,


Dated:      August 15, 2019                    POWERS & GREENGARD


/s/ Miles L. Greengard
Miles L. Greengard (P76812),
Attorneys for Plaintiff
The Carriage House
509 Franklin Street
Grand Haven, Michigan  49417
(616) 350-8760 (Phone)
(616) 846-1390 (Fax)
mgreengard@powersgreengard.com

US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ELLIOT WERKING )
an Indiana Resident, )
     Plaintiff, )     Case No. 1:19-cv-276
 )      Hon. Paul L. Maloney
vs. )
 )
BETH EILEEN WERKING, )
a Michigan Resident, and )
PAUL MICHAEL WERKING, )
a Michigan Resident )
 )
     Defendants. )

---

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDEBROEK LAW PLLC
Attorneys for Defendants
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 682-6109 (Fax)
anne@vanderbroeklaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

---

**Table of Contents**

FACTS...................................................................................................................................... 5

LAW AND ANALYSIS ......................................................................................................... 5

   1.  Introduction and Standard of Review ........................................................................ 6

   2.  Lack of Material Factual Dispute .............................................................................. 7

      A.  Introduction ........................................................................................................ 7

      B.  Plaintiff Maintained Ownership of and Right to Possess the Property..................... 8

      C.  Defendant Beth Werking Admitted to Law Enforcement that She Destroyed the
         Property................................................................................................................. 8

      D.  Defendant Paul Werking Admitted Numerous Times to Plaintiff that He Destroyed
         the Property.......................................................................................................... 9

      E.  Defendants' Destruction of the Property Was Motivated by Personal Interest........ 9

      F.  Conclusion .......................................................................................................... 11

   3.  Discovery Is Unlikely to Turn Up New Facts in Defendants' Favor. ........................... 11

CONCLUSION..................................................................................................................... 13

# Table of Authorities

## Cases

*Alken-Ziegler v. Hague*, 767 N.W.2d 668 (Mich. App. 2009) .......................................... 8

*Allen v. CSX Transp., Inc.,* 325 F.3d 768 (6th Cir. 2003) ............................................. 12

*Appalachian Railcar Services v. Boatright Enterprises*, 602 F. Supp. 2d 829 (W.D. Mich. 2008) ....... 6

*Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 844 N.W.2d 727 (Mich. Ct. App. 2013) ..................................................................................... 5, 7–8

*Aroma Wines & Equip, Inc. v. Columbian Distribution Servs., Inc.,* 871 N.W.2d 136 (Mich. 2015) ..................................................................................... 5, 10, 11

*Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) ................................................ 8

*Brown v. Brown*, 739 N.W.2d 313 (Mich. 2007) ........................................................ 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................... 7

*Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473 (7th Cir. 1988) ............................... 7

*Conley v. City of Findlay*, 266 F. App'x 400 (6th Cir. 2008) .......................................... 6

*Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995) ................................................... 6

*Davison v. Cole Sewell Corp.*, 231 F. App'x 444 (6th Cir. 2007) ...................................... 7

*Fox v. Eagle Dist. Co., Inc.*, 510 F.3d 587 (6th Cir. 2007) .......................................... 6

*Kreiter v. Nichols*, 28 Mich. 496 (1874) ......................................................... 10, 11

*Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389 (6th Cir. 1998) ........................................ 12

*Madeirense Do Brasil, S/A v. Stulman-Emrick Lumber Co.*, 147 F.2d 399 (2d Cir. 1945) ............... 8

*Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335 (6th Cir. 1993) ....................................... 6

Order and Op. Den. Defs.' Mots. to Dismiss and for Summ. J., *Werking v. Werking*, No. 1:19-cv-276 (W.D. Mich. Aug. 2, 2019), ECF No. 15

*Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011) .................................................... 7

*Taylor Acquisitions, LLC v. City of Taylor,* 313 Fed. Appx. 826 (6th Cir. 2009) ...................... 12

*Wallin v. Norman,* 317 F.3d 558 (6th Cir. 2003) ..................................................... 12

*Wesson v. Gunn*, No. 1:14-cv-1075, 2016 U.S. Dist. LEXIS 44765 (W.D. Mich. Feb. 29, 2016) ................................................................................................................................ 7

*Wilson v. Continental Dev. Co.*, 112 F. Supp. 2d 648 (W.D. Mich. 1999) ...................................... 6

*Wilson v. Continental Dev. Co.*, No. 99-2113, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. Nov. 2, 2000) .............................................................................................................................. 6

## Statutes

Mich. Comp. Laws 600.2919(a)(1)(a) ....................................................................................... 10

## Other Authorities

Adam D. Pavlik's *Statutory Conversion and Treble Damages: Puzzles of Statutory Conversion*, Mich. B.J., Mar. 2014 ....................................................................................................................... 8

Commentary, Summary Judgment as to Damages, 1994, 7 Fed. R. Serv. 974 .......................... 8

## Rules

Fed. R. Civ. P. 56 ..........................................................................................................passim

    Fed. R. Civ. P. 56(c) ............................................................................................................ 6

    Fed. R. Civ. P. 56(d) ....................................................................................................... 7, 11

    Fed. R. Civ. P. 56(e) ............................................................................................................ 6

    Fed. R. Civ. P. 56(g) ............................................................................................................ 7

Fed. R. Evid. 801(d)(2)(A) ..................................................................................................... 11

Fed. R. Evid. 803(1) ............................................................................................................... 11

Fed. R. Evid.  803(2) .............................................................................................................. 11

Fed. R. Evid. 804(b)(3) .......................................................................................................... 11

## FACTS

After a divorce from his wife, Plaintiff moved in with his parents, Defendants Beth and Paul Werking, at their behest. (Pl.'s Ex. 8 ¶ 4; Pl.'s Exs. 9–14.) Plaintiff brought with him his personal property (the "Property"). (Pl.'s Ex. 8 ¶ 5). Included in this Property was a sizable amount of pornographic material. (*Id.*)

After a period of rising tension between the parties, Plaintiff was asked to leave Defendants' house and left some of the Property behind. (Pl.'s Ex. 1; Pl.'s Ex. 8 ¶ 9.) After a number of requests by Plaintiff to Defendants to return his property, Defendant Paul Werking informed Plaintiff that any Property that had not already been returned to him was destroyed. (Pl.'s Exs. 2–4.) Plaintiff demanded that Defendants compensate him for the cost of the destroyed Property (Pl.'s Ex. 7), and when Defendants failed to do so, he brought suit in this Court. Plaintiff maintains a list of the destroyed Property and value of the same. (Pl.'s Exs. 5–6.)

Defendants moved the Court for summary judgment under Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. for Summ. J., ECF No. 12.) The Court denied the motion, relying heavily on *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, 871 N.W.2d 136 (Mich. 2015).[1] Order and Op. Den. Defs.' Mots. to Dismiss and for Summ. J., *Werking v. Werking*, No. 1:19-cv-276 (W.D. Mich. Aug. 2, 2019), ECF No. 15. Plaintiff now brings the instant motion seeking summary judgment under *Aroma Wines* and Federal Rule of Civil Procedure 56.

## LAW AND ANALYSIS

---

[1] The Michigan Court of Appeals opinion can be found at *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, 844 N.W.2d 727 (Mich. Ct. App. 2013). Given the Michigan Supreme Court's controlling opinion, unless otherwise noted, all references are to the Michigan Supreme Court's decision.

**1.  Introduction and Standard of Review**  Federal Rule of Civil Procedure 56 governs summary judgment.  Under this rule, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  Fed. R. Civ. P. 56.  Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).  *Accord Brown v. Brown*, 739 N.W.2d 313, 316 (Mich. 2007).  The moving party must prove the absence of issues of material fact.  266 F. App'x at 404.  The moving party's burden is to indicate to the court "that there is an absence of evidence to support the nonmoving party's case . . . ."  *Wilson v. Continental Dev. Co.*, 112 F. Supp. 2d 648, 654 (W.D. Mich. 1999) (Bell, J.) (citing *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993)), *aff'd o.b.*, No. 99-2113, 234 F.3d 1271, 2000 WL 1679477 (6th Cir. Nov. 2, 2000).

The party against whom summary judgment is sought must offer "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Conley*, 266 F. App'x at 404 (quoting *Moore*, 8 F.3d at 339–40).  The non-moving party cannot merely restate allegations of their pleadings.  *Wilson*, 112 F. Supp. 2d at 654 (citing Fed. R. Civ. P. 56(e); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)).  A court must view all evidence in the light most favorable to the non-movant.  *Fox v. Eagle Dist. Co., Inc.*, 510 F.3d 587, 592 (6th Cir. 2007).

---

[2] This Court provided a thorough summary of the application of Rule 56 to federal claims under a diversity jurisdiction theory in *Appalachian Railcar Services v. Boatright Enterprises*, 602 F. Supp. 2d 829 (W.D. Mich. 2008).

The "[e]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party w[ould] bear the burden of proof at trial.'" *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Summary judgment, when appropriate under the standards in Rule 56, "is not only permitted, but encouraged in certain circumstances . . . ." *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 475–76 (7th Cir. 1988).

Given the lack of material factual dispute in the instant case, the fact that *Aroma Wines* is directly on point, and the fact that discovery is unlikely to uncover contradictory facts, this Court should grant Plaintiff's Rule 56 motion.

### 2. Lack of Material Factual Dispute

*A. Introduction*  In the instant dispute, there is no material factual dispute; as such, summary judgment under Federal Rule of Civil Procedure 56 is appropriate. Plaintiff had a right to, and ownership of, the property; and Defendants admitted, to multiple parties, in multiple settings, at multiple times, to destroying the property. (Pl.'s Exs. 1–3.) Discovery is almost certainly unlikely to turn up contradictory evidence, thus, Federal Rule of Civil Procedure 56(d) should not come into play. *Cf. Siggers v. Campbell*, 652 F.3d 681, 695–96 (6th Cir. 2011).[3]  Finally, though there may be a dispute as to damages in the instant action,[4] that does not prevent summary judgment as a matter of law. Fed. R. Civ. P. 56(g).[5]

---

[3] *See also Wesson v. Gunn*, No. 1:14-cv-1075, 2016 U.S. Dist. LEXIS 44765, at *20–21 (W.D. Mich. Feb. 29, 2016)

[4] State-level courts in Michigan are split as to whether the treble damages and attorney fees provisions of Mich. Comp. Laws 600.2919a(1)(a) are permissive or mandatory. *Compare Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 844 N.W.2d 727 (Mich. Ct. App. 2013) *with Alken-Ziegler v. Hague*, 767 N.W.2d 668, 671 n.6 (Mich. App. 2009). This

B. *Plaintiff Maintained Ownership of, and Right to, Possess the Property.*  Plaintiff purchased the Property legally and had a legal right to possess the property.  (Pl.'s Ex. 5; Pl.'s Ex. 8 ¶¶ 5–7.)  Defendant Beth Werking admitted to law enforcement that the Property was Plaintiff's.  (Pl.'s Ex. 1 at 3.)  Defendant Paul Werking also admitted in multiple e-mails that the Property was Plaintiff's.  (Pl.'s Exs. 2–3.)

Though Defendant Paul Werking stated in two separate e-mails that he found items in the Property that would be illegal to possess (Pl.'s Exs. 3-4), there is no reason to think that these items actually existed.[6]  Plaintiff has entered into evidence a list of the items destroyed (Pl.'s Ex. 6), and an examination of the items in Exhibit 6, as well as Plaintiff's Affidavit (Pl.'s Ex. 8 ¶ 11), indicates that Plaintiff's items were not illegal to possess in the State of Michigan.  *See, e.g., Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).  As such, there is no material factual dispute over whether Plaintiff could legally possess the Property.

C. *Defendant Beth Werking Admitted to Law Enforcement that She Destroyed the Property.*  In the Ottawa County Sheriff's Police Department Report (Pl.'s Ex. 1 at 3), Deputy MacKeller wrote that Defendant Beth Werking admitted that:

> [w]hile going through the property [Defendants] found a large amount of pornography that [Defendants] were upset about being in their residence.

---

motion, in deference to judicial expediency, will not delve into mandatory versus permissive trebling, as it is outside the bounds of the requested relief.  For a thorough analysis of the legislative history and intent of statutory conversion, see Adam D. Pavlik's *Statutory Conversion and Treble Damages: Puzzles of Statutory Conversion*, Mich. B.J., Mar. 2014, at 34.

[5] *See also* Commentary, Summary Judgment as to Damages, 1994, 7 Fed. R. Serv. 974; *Madeirense Do Brasil, S/A v. Stulman-Emrick Lumber Co.*, 147 F.2d 399 (2d Cir. 1945), *cert. denied*, 325 U.S. 861 (1945).

[6] Moreover, Defendant Paul Werking alleges that there were multiple copies of the same title and thus Plaintiff may have been distributing said pornography.  Plaintiff has submitted a complete list of the items that he believed to have been destroyed by Defendants (Pl.'s Ex. 6), and none of the titles are duplicative, nor was Plaintiff distributing pornographic materials.

> Beth [Werking] advised [Defendants] didn't wish to transport the items to Indiana to deliver to David [Werking, Plaintiff] and [Defendants] didn't want it in their house; so Beth [Werking] advised the items were destroyed and discarded.

D. *Defendant Paul Werking Admitted Numerous Times to Plaintiff that He Destroyed the Property.* Defendant Paul Werking admitted numerous times, in e-mails to Plaintiff, that he destroyed the property. (Pl.'s Exs. 2–3.)

On January 1, 2018, Defendant Paul Werking sent Plaintiff an e-mail stating the following:

> I don't think that you have been listening to me, so let me make this very clear. I do not possess your pornography. It is gone. It has been either destroyed or disposed of. I may well have missed a few items that are now in your possession but, at this point, if you don't have it, it is gone. Ditto for your sex toys and smutty magazines.

(Pl.'s Ex. 2.) The e-mail continued, "We counted twelve moving boxes full of pornography plus two boxes of 'sex toys' as you call them. We began that day the process of destroying them and it took quite a while to do so." (*Id.*) The e-mail concluded: "Frankly, David [Plaintiff], I did you a big favor by getting rid of all this stuff for you." (*Id.*)

Later, on March 17, 2018, Defendant Paul Werking sent Plaintiff an e-mail further stating that, "[b]elieve it or not, one reason for why I destroyed your porn was for your own mental and emotional heath." (Pl.'s Ex. 3.)

E. *Defendants' Destruction of the Property Was Motivated by Personal Interest.* It is established under Michigan case law that Defendants' destruction of the Property because they found it distasteful and offensive, and because they saw destruction as a benefit to Plaintiff, meets the standard of "personal use" under the statutory conversion statute at Mich. Comp. Laws 600.2919(a)(1)(a). *See generally Aroma Wines & Equip, Inc. v. Columbian Distribution Servs., Inc.,* 871 N.W.2d 136 (Mich. 2015).

As this Court stated, "The issue [of whether Defendants converted Plaintiff's property to their own use] is easily resolved by reference to *Aroma Wines*." Order and Op. Den. Defs.' Mots., No. 1:19-cv-276, at 4. In *Aroma Wines*, a warehouse moved wine from a climate-controlled warehouse to a non–climate-controlled warehouse after the owner of the wine fell behind on rental payments and, in doing so, destroyed the value of the wine. 871 N.W.2d at 138–39. The plaintiff sued under a theory of statutory conversion, alleging that the defendant converted the wine to its personal use when the wine was moved to a lower-value warehouse because plaintiff was behind on payments. *Id.* at 139. The Michigan Supreme Court held that "the separate statutory cause of action for conversion 'to the other person's own use' [under Mich. Comp. Laws 600.2919a(1)(a)] requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Id.* at 149.[7]

This Court found that "the destruction of property can be for one's 'own use,' so long as the person acts upon some personal motivation." Order and Op. Den. Defs.' Mots., No. 1:19-cv-276, at 7. Defendant Beth Werking admitted that she destroyed the Property because "[Defendants] didn't want it in [Defendants'] house." (Pl.'s Ex. 1.) Defendant Paul Werking admitted in Plaintiff's Exhibits 2 and 3 that he destroyed the property to benefit his son. Finally, throughout Plaintiff's Exhibits 2 and 3, Defendant Paul Werking discussed his views on pornography being evil. Defendants derived at least four separate and unique personally motivated uses from the destruction of the Property: ridding their house of the Property; removing the need to transport the Property to Plaintiff; trying to help their son,

---

[7] *Cf. Kreiter v. Nichols*, 28 Mich. 496, 498–99 (1874) (holding that "the legal responsibility to pay for [the converted beer's] value would be the same" whether the converter "destroyed [it] from a belief in its deleterious effects, or made way with [it] in carousals or private drinking . . . .").

Plaintiff; and satisfying their own moral views. (*See* Pl.'s Exs. 1–3.) Despite Defendants Paul Werking's self-professed noble intentions, because of these personal uses of the destroyed and converted Property, Defendants maintain liability under Michigan's statutory conversion statute and the court's holding in *Aroma Wines*. *See also Kreiter v. Nichols*, 28 Mich. 496, 499 (1874).

  *F. Conclusion* A finding of summary judgment is appropriate when the undisputed facts establish the claim of the moving party as a matter of law. Fed. R. Civ. P. 56. Defendants have admitted multiple times, to multiple people, on multiple dates, that they destroyed the Property. (Pl.'s Exs. 1–3.) Defendant Paul Werking's statements in Plaintiff's Exhibits 2–3 are admissible under Federal Rule of Evidence 801(d)(2)(A) and Federal Rule of Evidence 804(b)(3). Defendant Beth Werking's statement to Deputy MacKeller in Plaintiff's Exhibit 1 is admissible under Federal Rules of Evidence 803(1), 803(2), and 804(b)(3). Based on Defendants' statements, they destroyed the Property in question. (Pl.'s Exs. 1–3.) Further, Defendants stated that they destroyed the Property because they found it objectionable, amongst other reasons. (*Id.*) As such, under the *Aroma Wines* holding, Defendants derived personal use from the destruction of the Property.

  There is no material factual dispute as to whether Plaintiff had a right to possess the Property, whether Defendants destroyed Plaintiff's Property, or why Defendants destroyed Plaintiff's Property. As such, this Court can and should grant a Rule 56 finding of summary judgment.

### 3. Discovery Is Unlikely to Turn Up New Facts in Defendants' Favor.

  Defendants may oppose a motion for summary judgment due to a failure to conduct discovery. Fed. R. Civ. P. 56(d). However, if Defendants oppose Plaintiff's motion on the grounds that discovery has not yet occurred, they must show how additional discovery will

rebut the facts outlined above. *See Allen v. CSX Transp., Inc.,* 325 F.3d 768, 775 (6th Cir. 2003); *see also Taylor Acquisitions, LLC v. City of Taylor,* 313 Fed. Appx. 826, 835 (6th Cir. 2009). Defendants do not possess an absolute right to conduct discovery. *See Wallin v. Norman,* 317 F.3d 558, 564 (6th Cir. 2003); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 409 (6th Cir. 1998).

In the instant case, there exists no fair chance that Defendants will convince Deputy MacKeller that he incorrectly stated that the Property was destroyed. (Pl.'s Ex. 1 at 3.) There exists no fair chance that Defendants will credibly refute their multiple instances of admitting that they destroyed the Property in question. (Pl.'s Exs. 1–3.) There exists no fair chance that Defendants will credibly refute that they destroyed the Property because they found it objectionable, amongst other reasons. (*Id.*) Finally, there exists no fair chance that Defendants will magically return the Property which they claimed to have destroyed, as Defendants had an opportunity to correct the record as the possible existence of the Property. (Pl.'s Ex. 7.)

Finally, Plaintiff's counsel has asked Defendants' counsel, multiple times, to have a Federal Rule of Civil Procedure 26(f) conference so that discovery can begin. (Pl.'s Exs. 15–16.) Defendants have refused. (Pl.'s Exs. 17–18.) This Court should not reward Defendants' obstinacy with a delay of the inevitable—though discovery has not yet begun, there exists no reasonable chance that Defendants will be able to uncover evidence that shows that their prior admissions were false. There exists no reasonable chance that they did not destroy the property, nor that they destroyed the Property for reasons other than their own personal motivations—whether due to finding it objectionable, for convenience, or for the benefit of Plaintiff. (Pl.'s Exs. 1–3.) As such, a Rule 56 finding is not premature, even though discovery has not yet occurred.

## CONCLUSION

Though a grant of summary judgment under Federal Rule of Civil Procedure 56 is uncommon before discovery, it is reasonable and appropriate in the instant case. Both Defendants admitted multiple times to destroying the Property in question. (Pl.'s Exs. 1–3.) The only action that Defendants could take that would create a material factual dispute while not instantly shattering their own credibility would be to return the original Property, which they have failed to do. (*See* Pl.'s Ex. 7.) Because Defendants have not returned the property and admitted to destroying it, had no right to destroy it, and admitted to destroying it because they found it distasteful, among other reasons, the only reasonable course of action for the Court is to grant Plaintiff's Rule 56 motion and set a hearing date for a damages calculation.

Dated: August 12, 2019                     POWERS & GREENGARD

                                            /s/ Miles L. Greengard
                                            Miles L. Greengard (P76812)
                                            Attorney for Plaintiff
                                            The Carriage House
                                            509 Franklin
                                            Grand Haven, Michigan 49417
                                            (616) 350-8760
                                            mgreengard@powersgreengard.com