US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.                                                                       Case No. 1:19-cv-276
Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

| POWERS & GREENGARD | VANDERBROEK LAW PLLC |
|---|---|
| Attorneys for Plaintiff | Attorney for Defendant |
| Miles L. Greengard (P76812) | Anne M. VanderBroek (P81541) |
| The Carriage House | 17190 Van Wagoner Rd. |
| 509 Franklin Avenue | Spring Lake, MI 49456 |
| Grand Haven, MI 49417 | (616) 607-7522 (Phone) |
| (616) 512-5474 (Phone) | (616) 682-6108 (Fax) |
| (616) 607-7322 (Fax) | anne@vanderbroeklaw.com |
| mgreengard@powersgreengard.com | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Paul and Beth Werking, by and through their attorneys, VanderBroek Law PLLC, and for their Answer to Plaintiff's Complaint states as follows:

### PARTIES:

1. Neither admit nor deny because he lacks sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

2. Admit.

3. Deny that Defendant Paul Werking is a Michigan resident and states that his primary residence is located at 4992 River Oaks Road, Rockford, Minnesota.

1

## JURISDICTION AND VENUE

4. Deny that the damages in question exceed $75,000.00.

5. Admit.

## GENERAL ALLEGATIONS

6. [Sic 5]. Admit that Plaintiff was invited to move into Defendants house, but assert that Plaintiff was to do chores in lieu of rent and abide by the house and property rules.

7. [Sic 6] Admit.

8. [Sic 7] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

9. [Sic 8] Admit, but assert that, to the best of Defendants' knowledge, information, and belief, all titles were pornographic in nature.

10. [Sic 9] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

11. [Sic 10] Deny that Plaintiff actually completed any household chores as payment in lieu of rent, but admit the lease agreement, under the terms of the email, were for the completion of chores in lieu of a monetary rent payment. (Plaintiff's Exhibit 8, Paragraph 9, attached here as Defendants' Exhibit 1)

12. [Sic 11] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

13. [Sic 12] Admit in part, but assert Plaintiff had been out of Defendants' home since August and that Defendants had no duty to deliver any of Plaintiff's personal property that had been abandoned on Defendant's property.

14. [Sic 13] Admit in part, but assert Plaintiff had been out of Defendants' home since August and thus had had ample time to request his property or make arrangements for

pickup/delivery of said property and that Defendants had no duty to deliver any of Plaintiff's personal property that had been abandoned on Defendant's property.

15. [Sic 14] Admit, but assert that such delivery was voluntary and that Defendants had no duty to deliver the property.

16. [Sic 15] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

17. [Sic 16] Admit, but assert that Plaintiff was warned prior to moving in that any pornography found by Defendant's would be destroyed and that Plaintiff had had ample time to recover his abandoned property prior to its destruction. (Plaintiff's Exhibit 2, Paragraph 2, attached here as Defendants' Exhibit 2).

18. [Sic 17] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed. (*Id.*)

19. [Sic 18] Defendants neither admit nor deny the statements made in this paragraph, as they are not allegations that require a response, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed. (*Id.*)

20. [Sic 19] Defendants neither admit nor deny the statements made in this paragraph, as they are not allegations that require a response, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed. (*Id.*)

21. [Sic 20] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

22. [Sic 21] Admit.

23. [Sic 22] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed.

24. [Sic 23] Deny that Defendants have knowingly retained any of Plaintiff's property as of the filing of the amended complaint and leave Plaintiff to his strict proofs.

25. [Sic 24] Admit.

26. [Sic 25] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

27. [Sic 26] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

28. [Sic 27] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs, but assert that, as Plaintiff was warned against bringing pornography into Defendants' home prior to moving in, Plaintiff is not entitled to recovery. (*Id.*)

29. [Sic 28] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and therefore Plaintiff is not entitled to recovery. (*Id.*)

## COUNT ONE: STATUTORY CONVERSION

30. [Sic 29] Defendants incorporate by reference, their answers in Paragraphs 1 through 29 as though specifically set forth herein.

31. [Sic 30] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs.

32. [Sic 31] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and therefore Plaintiff is not entitled to recovery. (*Id.*)

33. [Sic 32] but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and therefore Plaintiff is not entitled to recovery. (*Id.*)

34. [Sic 33] Neither admit nor deny because Defendants lack sufficient information or knowledge as to the truth of the matter asserted and leaves Plaintiff to his strict proofs,

but assert that, as Plaintiff was warned against bringing pornography into Defendants' home prior to moving in, Plaintiff is not entitled to recovery. (*Id.*)

35. [Sic 34] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and that such pornography had a negative impact on Defendants' home. (*Id.*)

36. [Sic 35] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and that such pornography had a negative impact on Defendants' home. (*Id.*)

37. [Sic 36] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and that such pornography had a negative impact on Defendants' home. (*Id.*)

38. [Sic 37] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed and that such pornography had a negative impact on Defendants' home. (*Id.*)

39. [Sic 38] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed, that such pornography had a negative impact on Defendants' home, that Defendants' had no duty to transport, and that Plaintiff had ample time to arrange for transportation of his personal property prior to its destruction. (*Id.*)

40. [Sic 39] The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied and the Plaintiff is left to his strict proofs.

41. [Sic 40] Deny that Defendants have knowingly retained any of Plaintiff's property and leave Plaintiff to his strict proofs.

42. [Sic 41] Admit in part, but assert that Defendants had no duty to deliver any of Plaintiff's personal property that was abandoned on Defendant's property and that Plaintiff had ample opportunity to arrange for transport prior to the destruction of the property.

43. [Sic 42] Admit, but assert that Plaintiff was warned prior moving into Defendant's home that any pornography would be destroyed, that such pornography had a negative impact on Defendants' home, that Defendants' had no duty to transport, and that Plaintiff had ample time to arrange for transportation of his personal property prior to its destruction. (*Id.*)

44. [Sic 43] The allegations contained in this paragraph are conclusions of law and, as such, require no response. To the extent this paragraph contains factual allegations, the allegations are denied and the Plaintiff is left to his strict proofs.

45. [Sic 44] The allegations contained in this paragraph are conclusions of law and, as such, require no response. To the extent this paragraph contains factual allegations, the allegations are denied and the Plaintiff is left to his strict proofs.

WHEREFORE, Defendants respectfully request the Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to these Defendants.

## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defenses, Defendants state that they will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery.

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred in whole or in part by his failure to mitigate damages, if any, by arranging for pickup or delivery of his items at the time of his departure.
3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff fails to meet the statutorily required amount in controversy.

5. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, release and/or laches.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. Plaintiff's claims are barred due to spoliation of evidence.

8. Plaintiff assumed the risk of possessing the property while living in the home of Defendants after having been warned that said items would be destroyed if found.

9. Plaintiff knowingly brought prohibited items onto his landlord's property in knowing violation of the property rules and codes of conduct.

10. Plaintiff abandoned the property by leaving it in Defendant's residence after himself changing domicile.

Defendants reserve the right to amend their answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims and/or cross-claims as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to these Defendants.

Respectfully submitted,

Dated: August 22, 2019

VANDERBROEK LAW PLLC
Attorneys for Defendants
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522
anne@vanderbroeklaw.com

By: _____
Anne M. VanderBroek (P81541)