US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.                                                                  Case No. 1:19-cv-276
                                                                    Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

---

| | |
|---|---|
| POWERS & GREENGARD | VANDERBROEK LAW PLLC |
| Attorneys for Plaintiff | Attorney for Defendant |
| Miles L. Greengard (P76812) | Anne M. VanderBroek (P81541) |
| The Carriage House | 17190 Van Wagoner Rd. |
| 509 Franklin Avenue | Spring Lake, MI 49456 |
| Grand Haven, MI 49417 | (616) 607-7522 (Phone) |
| (616) 512-5474 (Phone) | (616) 682-6108 (Fax) |
| (616) 607-7322 (Fax) | anne@vanderbroeklaw.com |
| mgreengard@powersgreengard.com | |

---

**MOTION FOR PROTECTIVE ORDER AND JUDICIAL GUIDANCE**

---

Pursuant to MCR 2.302(C) and Fed. R. Civ. P. 26(c), Defendants file this motion for a protective order regarding newly discovered material currently held by Defendants in a safety deposit box.

Specifically, Defendants request this Court grant a protective order to protect them from embarrassment, undue burden, and actions under 18 U.S.C. §2251 et. seq.

Counsel for Plaintiff and Defendant have conferred and exchanged the titles and agreed on requesting a protective order and obtaining Judicial Guidance regarding the disposition of the items listed in Exhibit 1.

Defendants and their counsel request Judicial Guidance as to what they should do with the additional material and ask leave to amend their answer in light of these newly discovered facts.

The legal and factual basis for this motion is more fully set forth in the accompanying memorandum of law in support.

Respectfully submitted,

VanderBroek Law PLLC

Dated: 9/16/2019

Anne M. VanderBroek (P81541)
Attorney for Defendants
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522
anne@vanderbroeklaw.com

US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.

Case No. 1:19-cv-276
Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDERBROEK LAW PLLC
Attorney for Defendant
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 682-6108 (Fax)
anne@vanderbroeklaw.com

**BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

I.   Introduction

Pursuant to Fed. R. Civ. P. 26(c), Defendants move for the protection of this Court with respect to certain, newly-discovered matters.  Specifically, Defendants request

Judicial Guidance in the form of an order directing Defendants and counsel as to what to do

with the newly discovered material

and

Leave to amend their answer in light of newly discovered facts.

As set forth in more detail below, this motion is warranted as a matter of fact and law.

    II.     Background

Defendants recently informed counsel as to the fact that they retained some additional material belonging to Plaintiff, what they termed "the worst of the worst," as evidence of the sort of material that was destroyed "just in case."  This material is currently located in Defendants' safety deposit box, with a flash drive held by counsel documenting the contents and digital copies of the "cover art".  Defendants made copies of the "cover art" of the discs and compared the list of what they have to Plaintiff's Exhibits 5 and 6.  Several of the titles they found were not listed on either of Plaintiff's exhibit.

Further, the material that was kept "just in case" appears to be of dubious nature, causing all parties involved some degree of hesitation.  From first appearance, without actually viewing or reviewing the content on the material, the "cover art" appears to depict highly obscene and likely criminal material, including matters of bestiality and, potentially, child pornography, in direct contravention of 18 U.S.C. § 2251 et. seq.  Defendant's Exhibit 1, attached, lists the titles of the material located in the safe deposit box.

    III.    Analysis

18 U.S.C. § 2251 et. seq. prohibits the production, selling and buying, possession, distribution, and receipt of materials relating to or containing child pornography.  Essentially, child pornography is radioactive – that is, poison to sell, distribute, or even possess – and for good reason.

Here, neither the Defendants nor their attorney has viewed the content of the discs – indeed, this attorney has not physically observed the material outside of photographs of the discs themselves.  However, the "cover art" of the discs is beyond shockingly graphic.  Acts of bestiality

are graphically displayed as are scenes which appear to include minors in sexual displays. Some of the discs lack the written "Disclaimer" that is apparent on other discs which appear to sexualize minors but is actually legal adult pornography. Some discs appear to display characteristics of home creation – production of discs with material downloaded from the dark corners of the internet.

Legal adult pornography is, with few limitations, legal to possess. Bestiality is considered obscenity and is not legal to distribute, but is legal to possess, so far as counsel is aware. However, if the content of the material is actual child pornography, it is illegal in every form, fashion, and possession.

Defendants are thus in a legal quandary, assuming that the material contained on the discs is, in fact, child pornography. As the discs themselves are the subject of an ongoing case before this court, they cannot be destroyed without also destroying evidence. On the other hand, mere possession alone is sufficient to run afoul of 18 U.S.C. § 2251 et. seq.; thus, keeping the material is also not a viable option without the possibility of criminal prosecution.

Should Defendants return the material to the Plaintiff, as they did with the late-discovered sex toys, they are, essentially, trafficking or distributing child pornography and are thereby also subject to potential criminal prosecution under 18 U.S.C. § 2251 et. seq. However, should the Defendants turn the material over to law enforcement officials absent an order from this Court, they are potentially spoiling the evidence just as destruction would do.

Defendants are thus caught in a vicious catch-22 whereby no option, absent an order from this Court, is free from potential liability.

IV.   Conclusion

Based on these facts and authority, Defendants request that the court enter a protective order and Judicial Guidance as to the disposition of this material.

Respectfully,

VanderBroek Law PLLC

Date: 9/16/2019

_____
Anne M. VanderBroek (P81541)
Attorney for Defendants
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522
anne@vanderbroeklaw.com

# EXHIBIT 1

1. Sharon Angleman-Noble email, sheet 1
2. Sharon Angleman-Noble email, sheet 2
3. Krista and Ashley email
4. Collage of Photos - Taken by David?
5. Pretty Little Latinas 5
6. Pretty Little Latinas 7
7. Pretty Little Latinas 18
8. Pretty Little Latinas 21
9. Mother-Daughter Exchange Club 11
10. Mother-Daughter Exchange Club 16
11. Mother-Daughter Exchange Club 17
12. Mother-Daughter Exchange Club 19
13. Mother-Daughter Exchange Club 18
14. Mother-Daughter Exchange Club 21
15. Naughty Amateur Home Videos: Connecticut Climax
16. Naughty Amateur Home Videos: New Sexico
17. Naughty Amateur Home Videos: Nevada Nookie
18. Naughty Amateur Home Videos: Texas Tubesteak
19. Shot at Home 8
20. Shot at Home 14
21. Shot at Home 20
22. Shot at Home 23
23. Shot at Home 27
24. Shot at Home 32
25. Mother-Son Secrets
26. Brother & Sister
27. Un-Natural Sex #14 – **missing 18 U.S.C Disclaimer**
28. *[No match to Plaintiff's Exhibits]* Un-Natural Sex #15 – **missing 18 U.S.C Disclaimer**
29. *[No match to Plaintiff's Exhibits]* Animal Variety Volume 8 Disc 2 – **missing 18 U.S.C Disclaimer**
30. *[No match to Plaintiff's Exhibits]* Animal Variety Volume 10 Disc 2 – **missing 18 U.S.C Disclaimer**
31. *[No match to Plaintiff's Exhibits]* Animal Variety 12/A – **missing 18 U.S.C Disclaimer**
32. *[No match to Plaintiff's Exhibits]* Animal Variety 12/B – **missing 18 U.S.C Disclaimer**
33. *[No match to Plaintiff's Exhibits]* Animal Variety 12/C – **missing 18 U.S.C Disclaimer**
34. *[No match to Plaintiff's Exhibits]* Animal Variety 13 – **missing 18 U.S.C Disclaimer**
35. Every Which Way She Can – **missing 18 U.S.C Disclaimer**
36. Girls Who Lust 21
37. Risque Girls 28
38. *[No match to Plaintiff's Exhibits]* She's Turning 18
39. *[No match to Plaintiff's Exhibits]* Violation of Trina Michaels
40. *[No match to Plaintiff's Exhibits]* Tossing Up Teeners
41. *[No match to Plaintiff's Exhibits]* Teen Babysitters
42. Stacy Valentine 4 on 1
43. Older Women & Younger Women 3
44. Older Women & Younger Women 5
45. Old Grannies Young Panties
46. *[No match to Plaintiff's Exhibits]* Old Grannies Young Panties 3

47. Ready to Drop #41
48. Strap for Teacher 2