US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID ELLIOT WERKING      )
an Indiana Resident,      )
    Plaintiff,      )  Case No. 1:19-cv-276
          )  Hon. Paul L. Maloney
vs.      )
          )
BETH EILEEN WERKING,      )
a Michigan Resident, and      )
PAUL MICHAEL WERKING,      )
a Michigan Resident,      )
          )
    Defendants.      )

---

| | |
|---|---|
| POWERS & GREENGARD | VANDERBROEK LAW PLLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Miles L. Greengard (P76812) | Anne M. VanderBroek (P81541) |
| The Carriage House | 17190 Van Wagoner Rd. |
| 509 Franklin Avenue | Spring Lake, MI 49456 |
| Grand Haven, MI 49417 | (616) 607-7522 (Phone) |
| (616) 512-5474 (Phone) | (616) 682-6109 (Fax) |
| (616) 607-7322 (Fax) | anne@vanderbroeklaw.com |
| mgreengard@powersgreengard.com | |

---

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND JUDICIAL GUIDANCE**

**TABLE OF CONTENTS**

FACTS .................................................................................................................................................... 1

LAW AND ANALYSIS ........................................................................................................................1

    I.    Defense Counsel's Claims Are Not Backed by Evidence in the Record.....................................1

    II.    Defendants Do Not Need Court Approval to Disclose to Law Enforcement. .........................2

    III.    The Court Should Not Investigate Whether a Crime Occurred. ............................................2

    IV.    Conclusion ..................................................................................................................................3

# TABLE OF AUTHORITIES

**Statutes**

Mich. Comp. Laws § 722.624 ..................................................................................................2, 3

Mich. Comp. Laws § 722.625 ..................................................................................................2, 3

34 U.S.C. § 20341
    34 U.S.C. § 20341(b) ................................................................................................2
    34 U.S.C. § 20341(g) ................................................................................................2

**FACTS**

Plaintiff filed his Rule 56 Motion for Summary Judgment on August 20, 2019. (Pl.'s Mot. Summ. J., ECF No. 16)  On Thursday, September 12, 2019, defense counsel e-mailed Plaintiff's counsel asking for a time extension for Defendants' Brief in Opposition. (Pl.'s Ex. 19.)  Defense counsel cited, amongst other reasons, that "[s]ome new information has come to my attention with this case." (*Id.*)  Plaintiff's counsel responded to this e-mail with a phone call, in which Defense counsel informed Plaintiff's counsel that defense counsel believed there was child pornography amongst the property at issue in the underlying lawsuit.  After a discussion surrounding the alleged material, Defendants brought the instant motion requesting "Judicial Guidance in the form of an order directing Defendants and counsel as to what to do with the newly discovered material." (Defs.' Br. Supp. Mot. Protective Order 3, ECF No. 20)

**LAW AND ANALYSIS**

**I.     Defense Counsel's Claims Are Not Backed by Evidence in the Record.**

Plaintiff's Exhibit 8, an affidavit, states unequivocally that there was no child pornography specifically, or any illegal property in general, amongst his collection. (Pl.'s Ex. 8 ¶¶ 6, 11.)  Defendants' Motion for Protective Order and Judicial Guidance and accompanying brief in support offer no evidence to contradict this affidavit.  Instead, Defendants' brief admits to Defendants' lack of information and facts: Defendants state that the material "appears to be of dubious nature," as, "[f]rom first appearance, without actually viewing or reviewing the content . . . the 'cover art' appears to depict . . . likely criminal material . . . ." (Defs.' Br. Supp. 4.)  Defendants admit that "neither the Defendants nor their attorney has [sic] viewed the content of the discs – indeed, this attorney has not physically observed the material outside of photographs of the discs themselves." (*Id.*)  Defendants

further state that some of the material "*appear[s]* to display characteristics of home creation." (*Id.* at 5 [emphasis added].)

What particular material Defendants are referring to is unclear from their brief, and Defendants admit that they have not "viewed the content of the discs."(*Id.* at 4). Given Defendants' lack of evidence, descriptions, or even basic review of the material, it is impossible for Plaintiff to address their unsupported allegations with any specificity, except to deny flatly that anything illegal was included in Plaintiff's collection. (Pl.'s Ex. 8 ¶¶ 6, 11.)

## II.   Defendants Do Not Need Court Approval to Disclose to Law Enforcement.

Defendants ask this Court for judicial guidance as to how to treat the offending material.[1] (Defs.' Mot. Protective Order and Judicial Guidance; Defs.' Br. Supp.) Defendants state, in defense of their request that

> should the Defendants turn the material over to law enforcement officials absent an order from this Court, they are potentially spoiling the evidence just as destruction would do. Defendants are thus caught in a vicious catch-22 whereby no option, absent an order from this Court, is free from potential liability.

(Defs'. Br. Supp. 5.)  Michigan Compiled Laws § 722.624 states that "any person . . . who has reasonable cause to suspect child abuse or neglect may report the matter to the department or a law enforcement agency." Under Michigan law,[2] Defendants can report the matter to law enforcement without judicial oversight, or potential civil liability from Plaintiff. Mich. Comp. Laws § 722.625. Thus, Defendants should either return the material to its owner, Plaintiff, or disclose the material to law enforcement instead of asking the Court to participate in extrajudicial hearings.

## III.   The Court Should Not Investigate Whether a Crime Occurred.

---

[1] Plaintiff, once again, indicates that there is no such illegal material within the property. (Pl.'s Ex. 8, ¶¶ 6, 11; *see also* Section I, *supra*.)

[2] Federal law, under 34 United States Code Section 20341(g), grants protections to mandatory reporters from civil and criminal liability for reporting, but there is no statutory protection for non-mandated reporters. Defendants and defense counsel are not mandatory reporters. 34 U.S.C. § 20341(b).

2

This Court does not investigate alleged criminal activity; that is a duty reserved to law enforcement officers. Defendants can cooperate with law enforcement, or not, at their leisure. Defendants cite to no case or statute allowing the Court to make a determination on whether or not something discovered in a civil setting is *prima facie* criminal and should be turned over to the police for *further* investigation. If Defendants believe Plaintiff committed a crime, they should disclose this to law enforcement instead of asking the Court to operate outside of its traditional bounds and to determine whether a crime was committed.

IV.     **Conclusion**

Defendants' Brief in Support of Motion for a Protective Order contains serious accusations but provides no evidence for them. If Defendants have evidence of criminal wrongdoing by Plaintiff, they should turn the allegedly criminal material over to proper police authorities, just as they have been free to do so over the past twenty-two months. *See, e.g.,* Mich. Comp. Laws §§ 722.624–.625. Absent this, however, Defendants should return, immediately, the property they have continued to hold despite Plaintiff's demand that they return it. (Pl.'s Ex. 4). Accordingly, this Court should not accept Defendant's request for "Judicial Guidance in the form of an order directing Defendants and counsel as to what to do with the newly discovered material." (Defs.' Br. Supp. 3.)

Respectfully submitted,

Dated:     September 23, 2019             POWERS & GREENGARD

/s/ Miles L. Greengard
Miles L. Greengard (P76812),
Attorneys for Defendant Mengel
The Carriage House
509 Franklin Street
Grand Haven, Michigan  49417
(616) 350-8760 (Phone)
(616) 846-1390 (Fax)
mgreengard@powersgreengard.com

3