UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ELLIOT WERKING,

        Plaintiff,                      Case No. 1:19-cv-276

v.                                         Hon. Paul L. Maloney

BETH EILEEN WERKING and
PAUL MICHAEL WERKING,

        Defendants.
_____/

**ORDER**

Following his divorce, the defendants invited plaintiff, their forty-year-old son, to move home and live with them. Plaintiff brought with him personal property including, and apparently unknown to his parents, twelve moving boxes full of pornography and two boxes full of so-called "sex toys." Plaintiff's return to the nest did not go well, and ten months after he arrived defendants called the police to have plaintiff removed from their home.

Plaintiff asked his parents to deliver his personal property to him. Accommodating his request, plaintiff's parents discovered the pornography and sex toys. Apparently disappointed by their son's conduct, plaintiff's parents destroyed most of the pornography, believing it was having a negative impact on their son and that its destruction was in the best interest of his "mental and emotional health."

Plaintiff reacted by making a police report and apparently attempting to have his parents charged with a crime. When the county prosecutor refused to bring charges, plaintiff filed this lawsuit, seeking treble damages and attorney fees from his parents.

1

The matter now comes before the Court on Defendants' Motion for Protective Order and Judicial Guidance (ECF No. 20). In the brief in support of their motion, defendants disclose that they did not destroy all their son's pornography. They held back a box containing the "worst of the worst." Defendants fear the box could contain child pornography, the possession of which is a federal crime. Defendants bring this motion requesting an "order to protect them from embarrassment, undue burden, and actions under 18 U.S.C. Sec. 2251, et seq." Defendants also seek "Judicial Guidance" as to what they should do with the additional material and ask leave to amend their answer in light of the additional facts.

This Court's jurisdiction is defined and limited by Article III of the Constitution to cases and controversies. "[I]t is quite clear that the oldest and most consistent trend in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen,* 392 U.S. 83, 96 (1968). The Court simply lacks the power to provide defendants "guidance" on what to do with the additional materials or to immunize defendants, or their son for that matter, from criminal responsibility should these materials be found to contain child pornography or other contraband. While it is a difficult position in which defendants find themselves, it is they who will have to decide the next step, presumably with the advice and assistance of their counsel.

In any event, it appears to the Court that a criminal investigation may result from the disclosure of the additional materials. Further proceedings in this case could impair or impede any such investigation. For that reason, the Court hereby **STAYS** all further proceedings in this case until such time as any criminal investigation is complete, or until it becomes clear that no such investigation will take place. The parties are directed to submit a status report in 180 days, describing the state of any criminal proceedings. Defendants' motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:  October 9, 2019 /s/ Ray Kent
RAY KENT
United States Magistrate Judge