US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID ELLIOT WERKING
An Indiana Resident, Plaintiff

v.

Case No. 1:19-cv-276
Hon. Paul L. Maloney

BETH EILEEN WERKING, AND
PAUL MICHAEL WERKING,
Michigan Residents, Defendants

---

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDERBROEK LAW PLLC
Attorney for Defendant
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 582-6108 (Fax)
anne@vanderbroeklaw.com

---

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 56**

---

# Table of Contents

TABLE OF AUTHORITIES ........ I

STATEMENT OF FACTS ........ 1

STANDARD OF REVIEW ........ 2

ARGUMENT ........ 3

1. MATERIAL FACTUAL DISPUTE ........ 3

2. LANDLORDS MAY CONTROL, WITHIN APPLICABLE HOUSING GUIDELINES, THE RULES AND CONDITIONS CONTROLLING THE CONDUCT AND ALLOWED OR PROHIBITED ITEMS WITH REGARDS TO THE TENANCY AND THEIR PROPERTY. ........ 5

3. PLAINTIFF ASSUMED THE RISK OF LOSS BY BRINGING PORNOGRAPHIC MATERIAL ONTO PREMISES KNOWING IT WOULD BE DESTROYED IF FOUND. ........ 6

4. PLAINTIFF ABANDONED HIS PROPERTY BY LEAVING WITHOUT IT AND WITHOUT MAKING ARRANGEMENTS TO COLLECT IT WITHIN A REASONABLE PERIOD. ........ 7

5. PLAINTIFF FAILED TO MITIGATE HIS LOSSES BY NOT REMOVING THE PORNOGRAPHIC MATERIAL. ........ 9

CONCLUSION ........ 10

# Table of Authorities

## CASES

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986); La Pointe, 8 F.3d at 378............................2

*Cathcart v. Cathcart*, 719 S.W.2d 301 (Tenn.Ct.App. 1986............................................................................7

*Celotex Corp. v. Catrett,* 477 U.S. 371, 323 (1986) ..........................................................................................2

*Copeland v. Machulis, 57 F.3d at 478*.................................................................................................................2

*Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) ............................................................2

*Edgecomb v. Traverse City Sch. Dist.*, 341 Mich. 106, 115 (1954) ............................................................... 10

*Flickema* v. *Henry Kraker Co.*, 252 Mich. 406 (1930) .................................................................................... 10

*Griffis v. Davidson Cty Metro. Government*, 164 S.W.3d 267, 281-82 (Tenn. 2005) .......................................8

*LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993) .......................................................................2

*Milligan* v. *Haggerty*, 296 Mich. 62 (1941))......................................................................................................... 10

*Montgomery v. Nancy Jones, Concord Bicycle Assets, LLC*, 355 F. Supp. 3d 720, 728 (M.D. Tenn. 2019).....8

*Sims v. Memphis Processors, Inc.,* 926 F.2d 524, 527 (6th Cir. 1991)..............................................................7

*Sparling Plastics Indus., Inc. v. Sparling,* 229 Mich App 704, 713-714 (1998)) ...............................................7

*Tambs v. Jennings*, No. 340498 (Mich. Ct. App. Feb. 5, 2019) .......................................................................7

*Tradesman Co.* v. *Superior Manfg. Co.*, 147 Mich. 702 (1907) ...................................................................... 10

*United States v. Blaney*, Criminal No. 11-20606, at *21-22 (E.D. Mich. Apr. 18, 2013) ............................9

*United States v. Minor,* 488 Fed. App'x 966, 969 (6th Cir. 2012)(citing n.3(A)(i), (iv)). .............................9

*Wever v. Hicks*, 11 Ohio St. 2d 230, 233 (Ohio 1967) .....................................................................................6

## STATUTES

Mich. Comp. Laws § 554.601(b) ...........................................................................................................................5

## RULES

Fed. R. Civ. P. 56(g) .......... 5

Fed. R. Civ. P. 56(c) .......... 2

## TREATISES

1 Am. Jur. 2d Abandoned, Lost, and Unclaimed Property § 43 (2004) .......... 8

Prosser, Law of Torts (3rd Ed.) at 452 .......... 6

# Statement of Facts

Following a contentious divorce, for which Defendants footed the bill, and a bout of homelessness, Defendant's allowed Plaintiff to move in to their home on the condition he do chores in lieu of paying rent. (Pl.'s Ex. 10.) As Plaintiff had previously had dealings with pornography, including unlawful distribution, Defendant's conditioned the tenancy on Plaintiff not bringing any pornographic material into their home. (Pl.'s Ex. 2 ¶ 2.; Def.'s Ex. 1 ¶ 5-7.) Prior to Plaintiff moving in, Defendant's specifically and directly asked Plaintiff whether he had any pornographic material among his belongings and warned him that if any was found, it would be destroyed. (Pl.'s Ex. 2 ¶ 2; Def.'s Ex. 1 ¶ 8.).

Plaintiff moved in, did little more than very minor chores, and was eventually required by law enforcement to leave the premises after a domestic dispute with his parents. (Pl.'s Ex. 8 ¶ 9.) When Plaintiff left Defendants' residence on August 23, 2017, Plaintiff left a vast quantity of belongings behind. (Pl.'s Ex. 8 ¶ 9, Def.'s Ex. 9.) Plaintiff made no any requests for any of his items until November, a period of three months after his departure. (Pl.'s Ex. 4.) When Plaintiff eventually asked Defendants to transport his abandoned property back to him, Defendants found and destroyed a portion of Plaintiff's pornographic materials. (Pl.'s Ex. 4.) Plaintiff brought suit in this court under a theory of statutory conversion. (Pl.'s Compl.)

Plaintiff has filed a Fed. R. Civ. P. 56 Motion for Summary Judgment. (Pl.'s Mot. Summ. J., ECF No. 16.) Defendants now bring this Brief in Opposition.

## Standard of Review

The proper standard of review for Plaintiff's Fed. R. Civ. P. 56 motion was discussed extensively by the Sixth Circuit Court of Appeals in *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). The court stated that,

> Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 371, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986); *La Pointe*, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252.

*Copeland v. Machulis*, 57 F.3d at 478. A court must view all evidence in the light most favorable to the non-moving party. *Fox v. Eagle Dist. Co., Inc.,* 510 F.3d 587, 592 (6th Cir. 2007).

The "[e]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party w[ould] bear the burden of proof at trial.'" *Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 447 (6th Cir. 2007) (quoting *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). While Defendants do not dispute the destruction of the Plaintiff's pornographic material, Defendants have several affirmative defenses, all properly pled, that could cause a jury, or this Court, to reasonably find for the Defendants. (ECF 18.)

There are several issues of material fact in the way of affirmative defenses upon which a jury could reasonably find for the Defendants. Given the language in Fed. R. Civ. P. 56(c), requiring ***no*** genuine issue of material fact (emphasis added), there are issues of material fact, including the amount

of damage, if any. The Plaintiff's Motion for Summary Judgment should be denied and discovery commence to determine whether there are any damages and, if so, in what amount.

## Argument

### 1. Material Factual Dispute

*A. Introduction.* In the instant dispute, there is a material factual dispute, contrary to Plaintiff's proposition; as such, summary judgment under Federal Rule of Civil Procedure 56 is not appropriate. While both this Court and *Aroma Wines* show that it is possible for a claim of statutory conversion to succeed, there are additional facts to weigh on the matter. In particular, Defendants have pled the affirmative defenses of violation of a landlord's rules and code of conduct, assumption of the risk, failure to mitigate, and abandonment. (ECF 18 ¶ 2, 8-10.)

Defendants told Plaintiff not to bring pornographic material onto their property and that, if they found such, it would be destroyed. (Def.'s Ex. 1 ¶ 5-8.) Further, Defendants directly asked Plaintiff whether he had any pornographic material amongst his possessions, as such would not be allowed on their property. (Def.'s Ex. 1 ¶ 8.) Plaintiff assured them that he did not, so Defendants allowed him to move into their home. (Def.'s Ex. 1 ¶ 8.) Plaintiff clearly knew that his possession of pornographic material would not be permitted at Defendant's residence. That Plaintiff lied to Defendants about possessing such further shows that he knew it was against his landlords' rules. He therefore assumed the risk of Defendants' behavior. He knew in advance of his tenancy that pornographic material was not permitted on the property, knew such material would be destroyed if found, yet brought the pornographic materials on Defendants' property anyway. (Def.'s Ex. 1 ¶ 5-8.)

Plaintiff knew his illicit material had not been discovered prior to his leaving the property in August 2017. When Plaintiff left, it was at the request of law enforcement; however, law enforcement only required that Plaintiff be absent from the property for "at least three days." (Pl.'s Ex. 8 ¶ 9.) The

abandoned pornographic material was not discovered or destroyed by Defendants until the late fall, long after Plaintiff had moved away. Plaintiff had ample opportunity to remove the property himself avoid its destruction. Plaintiff first requested the return of his abandoned property months after he had moved away from the residence. (Pl.'s Ex. 4.) Plaintiff requested that Defendants bring his possessions to him rather than making arrangements for its transportation himself. (Pl.'s Ex. 4.) Defendants had no duty to deliver the property to Plaintiff, particularly on their own time and at their own expense. Plaintiff easily could have made arrangements for the removal of his property that would have precluded Defendants from discovering what had been brought into their home against their express wishes. In this way, Plaintiff also failed to take steps that would have mitigated his losses.

Additionally, Plaintiff did not ask for the return of his abandoned possessions until more than three months had passed since his moving away from the property. If the property was important to him, a reasonable person would have made arrangements to obtain the property more quickly or, in the alternative, paid storage costs to show a continuing interest in the property and an intent to return. In the instant case, Plaintiff made no mention of the property for three months, though he had been in contact with Defendants regarding other issues for most of that time. A reasonable person would therefore presume that the Plaintiff had no interest in keeping the property and had, in fact, abandoned the property.

In addition to these factual disputes arising from the affirmative defenses raised by Defendants, there is also the critical issue of damages. Plaintiff had unlawfully sold pornographic material in the past and, through emails, shared his continued desire to do so. (Pl.'s Ex. 2 ¶ 2.; Def.'s Ex. 1 ¶ 5-7; Def.'s Ex. 2.) Among his lost items, Plaintiff lists a quantity of "about 500 dvd-rs/cd-rs." (Pl.'s Ex. 6.) Defendants also found empty CD/DVD jewel cases and printed copies of artwork and covers for insertion into said jewel cases. (Def.'s Ex. 1 ¶ 10.) These items, and comments made by Plaintiff referring to online pornography sites where pornographic content may be uploaded,

downloaded, sold, and purchased, lead to questions of whether Plaintiff has back-up copies of his content, either online or offline, and, if so, whether Plaintiff has actually sustained any damages from loss of pornographic content. (Pl.'s Ex. 2, pg. 1-2.). These questions can only be answered through the discovery process. While Plaintiff is correct that a dispute as to damages does not prevent summary judgment as a matter of law, the affirmative defenses do give rise to questions of material fact; thus, summary judgment is not appropriate and should not be granted. Fed. R. Civ. P. 56(g).

## 2. Landlords may control, within applicable housing guidelines, the rules and conditions controlling the conduct and allowed or prohibited items with regards to the tenancy and their property.

Landlords are able to control a great deal relating to the use the property they rent out. Typically, a rental agreement is entered into by the tenants prior to the commencement of a tenancy of any kind. The Michigan Comprehensive Law section relating to landlord and tenant relationships specifically defines a rental agreement as, "an agreement that establishes or modifies the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of a rental unit." Mich. Comp. Laws § 554.601(b). Through a rental agreement and constrained only by the federal, state, and local housing laws, landlords are able to permit or prohibit a tenant from painting the walls or bringing a pet onto the premises, to have use of this area or item or not, to hang paintings or decorations on the wall, to prohibit illegal acts, and to create a myriad of other rules that tenants are bound to follow or risk eviction and the payment of damages.

The federal, state, and local housing laws allow landlords explicit leeway in their actions and allow even more leeway when the property being rented is common property with the landlord. Landlords may prohibit illegal property or acts as well as legal ones. Even when an item or property is otherwise legal, a landlord may create a rule to prohibit the presence of property. For example, a pet is legal to own, generally speaking, yet a landlord may prohibit the keeping of a pet. It is legal to

paint the walls of one's dwelling, yet a landlord may prohibit this action entirely or enact restraints on what is allowed, such as allowing only certain colors or requiring that the walls be returned to the original color upon the end of the tenancy.

In the instant case, no explicit rental agreement was created or executed by the parties. However, there was a clear "quid pro quo" that was intended to exist. Plaintiff was required to do chores in lieu of paying rent and was clearly intended to be a tenant. (Pl.'s Ex. 10.) With no rental agreement was created defining exact terms, Plaintiff became a tenant at sufferance and terms of the tenancy were created by the emails and prior dealings of the parties. Defendants had warned Plaintiff regarding the possession of pornography on the premises before he moved in. (Def.'s Ex. 1 ¶ 6.) Plaintiff clearly understood that possession of pornographic material was prohibited on the premises, as shown by his efforts to hide and disguise the pornographic material, and further shown by his denial that any pornographic material was included among his possessions. (Def.'s Ex. 1 ¶ 8.)

### 3. **Plaintiff assumed the risk of loss by bringing pornographic material onto premises knowing it would be destroyed if found.**

Plaintiff's knowing that pornographic material was not allowed on the Defendants' premises, and his having specifically denied possession, and his knowing the consequences if pornographic material were discovered, Plaintiff brought pornographic material onto Defendant's premises anyway. (Def.'s Ex. 1 ¶ 5-8.) By doing so, Plaintiff assumed the risk of loss of his pornographic material.

While traditionally a defense to negligence, assumption of the risk is "a matter of knowledge of the danger and intelligent acquiescence in it." *Wever v. Hicks*, 11 Ohio St. 2d 230, 233 (Ohio 1967) (*citing* Prosser, Law of Torts (3rd Ed.) at 452). Unlike the similar concept of contributory negligence, which "is a matter of some fault or departure from the standard of conduct of the reasonable man, however unaware, unwilling, or even protesting the plaintiff may be," assumption of the risk involves risks that were in fact known to the Plaintiff [rather than] risks which he merely might have discovered

by the exercise of ordinary care." *Id.* Further, in *Sims v. Memphis Processors, Inc.*, the Sixth Circuit reiterated the elements of assumption of the risk as "(1) actual knowledge of the danger; (2) appreciation of the gravity of the danger; and (3) voluntary exposure to the danger." *Sims v. Memphis Processors, Inc.,* 926 F.2d 524, 527 (6th Cir. 1991) (*citing Cathcart v. Cathcart*, 719 S.W.2d 301 (Tenn.Ct.App. 1986)). In the *Sims* case as in the instant case, the record revealed that the Plaintiff was "aware of the conditions that he contend[ed] led to his injury, he also fully understood and appreciated the particular hazard they presented." *Id.*

The instant case is a classic example of assumption of the risks. Plaintiff knew that pornographic material was not allowed and would not be tolerated; and he knew that, if found, the pornographic material would be destroyed. Knowing this, Plaintiff brought it anyway, seemingly playing the odds that his pornographic material would not be discovered and taking steps to avoid discovery. Plaintiff's actions were a knowing and willful disregard of Defendant's clearly stated rules prohibiting pornographic material on their property. The destruction of the pornographic material, was foreseeable by Plaintiff and of his own making such that he should be precluded from recovery.

### 4. **Plaintiff abandoned his property by leaving without it and without making arrangements to collect it within a reasonable period.**

"The essential elements of abandonment are an intention to relinquish the property and acts putting that intention into effect." *Tambs v. Jennings*, No. 340498 (Mich. Ct. App. Feb. 5, 2019) (*citing Van Slooten v. Larsen*, 410 Mich 21, 50 (1980)). "When real property has been vacated and physical assets are left behind or abandoned on the property, one who thereafter properly enters the property and maintains possession is not liable in an action for claim and delivery under MCL 600.2920." *Id.* (*citing Sparling Plastics Indus., Inc. v. Sparling,* 229 Mich App 704, 713-714 (1998)). Though MCL 600.2920 is not at issue in the case at bar, the intent of the court in *Sparling* is clear – that abandonment may be presumed when personal property is left behind after vacating real property.

Further, the court in *Montgomery v. Nancy Jones, Concord Bicycle Assets, LLC* in citing American Jurisprudence, held that "[a] finding of abandonment does not, however, require an affirmative statement of intent to abandon. Abandonment "may be inferred from the acts and conduct of the owner, which are clearly inconsistent with an intention to continue the use of the property, and from the nature and situation of the property." *Montgomery v. Nancy Jones, Concord Bicycle Assets, LLC*, 355 F. Supp. 3d 720, 728 (M.D. Tenn. 2019) (*citing Griffis v. Davidson Cty Metro. Government*, 164 S.W.3d 267, 281-82 (Tenn. 2005) (quoting 1 Am. Jur. 2d Abandoned, Lost, and Unclaimed Property § 43 (2004))).

In the instant case, Plaintiff demonstrated an intention to relinquish the property by failing to remove it with him or to make arrangements to remove it within a reasonable time after his departure. Plaintiff moved from Defendants' residence in late August 2017. (Pl.'s Ex. 8 ¶ 9.). At the time of his departure, he made no arrangements regarding the personal property that he was leaving at Defendants' residence nor did he pay storage costs for it to remain. It was not until November 2017, three months after his departure, that Plaintiff began to make inquiries about his property. (Pl.'s Ex. 4.)

In the time between when Plaintiff left Defendant's residence and his inquiry about the personal property he abandoned, Plaintiff obtained a new residence in a different state and had numerous conversations about other matters with Defendants. In none of those conversations did Plaintiff inquire about his abandoned property. The amount of property left behind was considerable. It was not a box or two, able to be tucked away in a corner. The quantity of property Plaintiff took up most of the room where he had dwelled and most of the home's basement storage area. When it was delivered to Plaintiff upon his occupancy at Defendants it was in a "Pod" moveable storage container. When Plaintiff was silent on the matter of the property he left behind, Defendants could only assume that it had been abandoned, as any reasonable person would under the same

circumstances. Since the property was abandoned, Defendants had no duty to preserve the pornographic material, barring Plaintiff from recovery.

**5. <u>Plaintiff failed to mitigate his losses by not removing the pornographic material.</u>**

In failure to mitigate loss, "'[a]ctual loss' is defined as 'the reasonably foreseeable pecuniary harm that resulted from the offense,' which in turn is defined as 'pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result […].'" *United States v. Blaney*, Criminal No. 11-20606, at *21-22 (E.D. Mich. Apr. 18, 2013)*(citing United States v. Minor,* 488 Fed. App'x 966, 969 (6th Cir. 2012)(citing n.3(A)(i), (iv)).

In the instant case, Defendant's destruction of the pornographic material was reasonably foreseeable. Plaintiff knew that he was not permitted to possess pornographic material on the Defendants' property and Plaintiff knew or should have known the consequences if the pornographic material was discovered. Despite his knowledge, Plaintiff brought and stored pornographic material on Defendants' property anyway. Plaintiff had ample opportunity to remove the pornographic material from Defendants' property prior to its discovery. The pornographic material was not discovered until late fall, after Plaintiff had made inquiries about it. Plaintiff moved away from Defendants' property in August. Plaintiff had a period of more than three months in which he could have removed the property without Defendants' being aware of the presence of pornographic material.

Further, "it is a well-established rule that in cases of a breach of contract the injured party must make every reasonable effort to minimize the damages suffered […]. The same rule is applicable in tort actions as in actions for breach of contract." *Edgecomb v. Traverse City Sch. Dist.*, 341 Mich. 106, 115 (1954)*(citing Tradesman Co.* v. *Superior Manfg. Co.*, 147 Mich. 702 (1907); *Flickema* v. *Henry Kraker Co.*, 252 Mich. 406 (1930); *Milligan* v. *Haggerty*, 296 Mich. 62 (1941)).

In this case, Plaintiff did not use every reasonable effort within his power to minimize his damages. Instead, Plaintiff waited three months after moving to inquire about his abandoned property, then requested that Defendants' bring said property to him at Defendants' expense when they had no duty to do so. Plaintiff had three months' worth of opportunity to make arrangements to obtain his abandoned property. Plaintiff had three months before any pornographic material was discovered or destroyed. Plaintiff failed to use those three months to mitigate his potential damages, damages that were reasonably foreseeable. Plaintiff must therefore be barred from recovery.

## Conclusion

As Plaintiff states in his brief, a grant of summary judgment under Federal Rule of Civil Procedure 56 is uncommon before discovery. Contrary to Plaintiff's opinion, in the instant case it is not reasonable or appropriate. While Defendants have admitted to destroying the pornographic material, they have raised and pled valid affirmative defenses including abandonment, assumption of risk, failure to mitigate losses, and violation of the implied rental agreement based on prior dealings. Those affirmative defenses raise genuine issues of material fact, making summary judgment improper at this time. Therefore, the Defendants respectfully request that the Court deny Plaintiff's Rule 56 motion and allow the parties to proceed with discovery.

Respectfully submitted,

VANDERBROEK LAW PLLC

Dated: February 19, 2020

/s/ Anne M. VanderBroek
Anne M. VanderBroek (P81541)
Attorney for Defendants
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522
anne@vanderbroeklaw.com