UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID WERKING, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:19-cv-276 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| BETH WERKING and PAUL WERKING, | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This matter is before the Court on Plaintiff David Werking's motion for summary judgment (ECF No. 16). Defendants Beth and Paul Werking oppose the motion (ECF No. 33). For the reasons to be explained, the motion will be granted, and the Court will open a limited discovery period on the issue of damages.

### I.

In October 2016, after divorcing his wife, David Werking moved in with his parents, Paul and Beth Werking (David Werking Affidavit, ECF No. 16-9 at ¶ 4). David[1] brought personal property with him, including a large collection of pornographic material (*Id.* at ¶ 5). But by August of 2017, tensions between David and his parents were running high (*Id.* at ¶ 9). On August 23, 2017, David called the police after an "incident," and the officers asked David to leave the home for at least three days (*Id.*). When he left, David left much of his property behind; he asked his parents to return the property to him multiple times over the following months (*see, e.g.*, Email from David to Paul dated October 12, 2017 at ECF No.

---

[1] Because all parties share a surname, the Court will refer to the parties by their first names in this opinion.

39-4; Email from David to Paul dated November 22, 2017 at ECF No. 16-5; Email from David to Paul dated December 30, 2017 at ECF No. 16-3). But on January 1, 2018, Paul informed David that any property that had not yet been returned to him had been destroyed, including the pornographic material (Email from Paul to David at ECF No. 16-3).

On February 23, 2018, Beth admitted to the Ottawa County Sheriff's Office that she destroyed David's property (Case Report, ECF No. 16-2). And again on March 17, 2018, Paul admitted to David that he had destroyed David's property (Email from Paul to David dated March 17, 2018, ECF No. 16-4). On January 22, 2019, David demanded that his parents compensate him for the destroyed property (Demand Letter, ECF No. 16-8). Defendants did not do so, so David filed suit in this Court (ECF No. 1). He brings only one claim: statutory conversion under Michigan law.

Defendants moved to dismiss the complaint for failure to state a claim (ECF No. 12). The Court denied that motion (ECF No. 15). Before the Court set a Rule 16 Scheduling Conference, David filed the instant motion for summary judgment (ECF No. 16).

## II.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out an absence of evidence supporting the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once the moving party has carried its burden, the nonmoving party must set forth specific facts, supported by evidence in the record, showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252. The function of the district court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Resolution Trust Corp. v. Myers*, 9 F.3d 1548 (6th Cir. 1993) (unpublished table opinion) (citing *Anderson*, 477 U.S. at 249).

However, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994)) (quotation marks removed). A mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734–35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). Accordingly, the non-moving party "may not rest upon [his] mere allegations," but must instead present "specific facts showing that there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.

David brings a single claim: statutory conversion under Michigan law. Michigan law prohibits an individual from converting another's "property to [that] person's own use." The relevant statute provides:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages, plus costs and reasonable attorney fees:
>   (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>   (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.
> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

M.C.L. § 600.2919a.

As early as 1874, Michigan courts have recognized that conversion to one's "own use" was broad and could include destruction due to the converter's "belief in [the destroyed item's] deleterious effects." *Kreiter v. Nichols*, 28 Mich. 496, 498 (Mich. 1874). In 2015, the Michigan Supreme Court thoroughly analyzed M.C.L. § 600.2919a and confirmed this conclusion: conversion to another person's "own use" requires "a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines & Equip, Inc. v. Columbian Distribution Services, Inc.*, 871 N.W.2d 136, 149 (Mich. 2015). From

4

these two cases, it is clear that in Michigan, the destruction of another's personal property is conversion to the destroyer's "own use," and accordingly, that destruction may form the basis for a statutory conversion claim.

In this case, there is no question that the destroyed property was David's property. Defendants repeatedly admitted that they destroyed the property, and they do not dispute that they destroyed the property (see ECF No. 33 at PageID.708). Therefore, the Court finds that there is no genuine dispute of material fact on David's statutory conversion claim. As such, summary judgment under Rule 56 appears appropriate. In the face of that conclusion, Defendants present four affirmative defenses: 1) their status as David's landlord; 2) assumption of risk; 3) abandonment; and 4) failure to mitigate. The Court will address each in turn.

First, Defendants seek refuge in Michigan's Landlord and Tenant Relationship Act ("LTRA"), M.C.L. § 554.601 et seq. However, this argument has several fatal flaws. First, the LTRA applies only to leases that require security deposits. M.C.L. § 554.616 ("This act takes effect April 1, 1973 and applies only to security deposits held pursuant to leases entered into, renewed or renegotiated after April 1, 1973."). Defendants do not assert, and there is no evidence in the record showing, that they required David to pay a security deposit to move into their home, so the LTRA is inapplicable. In any event, Defendants do not cite to any statute or caselaw to support their assertion that landlords can destroy property that they dislike; on the Court's review, no such caselaw exists. Defendants cannot defend their actions with the LTRA.

Second, Defendants argue that David assumed the risk of destruction when he moved into their home, because before he moved in, Defendants asked him not to bring in any pornographic material and advised him that it would be destroyed if he brought it in (*see* Case Report, ECF No. 16-2 at PageID.507). However, assumption of risk applies only to some negligence claims and to voluntary recreational activities. *Felgner v. Anderson*, 133 N.W.2d 136, 153-54 (Mich. 1965) (negligence); *Ritchie-Gamester v. Berkley*, 597 N.W.2d 517, 523-24 (Mich. 1999) (voluntary recreational activities). Statutory conversion is an intentional tort. *Department of Agriculture v. Appletree Marketing, LLC*, 779 N.W.2d 237, 247 (Mich. 2010). It is not negligence, nor is it a voluntary recreational activity. Thus, assumption of risk is not an affirmative defense to conversion, and the Court can find no caselaw to the contrary. Defendants cannot rely on David's alleged assumption of risk.

Third, Defendants argue that David abandoned his property. In Michigan, abandonment has two elements: 1) an intent to relinquish property and 2) external acts that put that intention into effect. *Sparling Plastic Industries, Inc. v. Sparling*, 583 N.W.2d 232, 238 (Mich. Ct. App. 1998). But again, Defendants have provided no caselaw to support the application of an abandonment defense to a statutory conversion claim. In fact, in *Sparling*, the Court was presented with two claims—accord and satisfaction and statutory conversion—but the Court applied the abandonment defense only to the accord and satisfaction claim. *Id.* at 238-39. *Sparling* does not support Defendants' position, and the Court declines to find that abandonment is a defense to statutory conversion. Further, even if abandonment did apply, Defendants have presented no evidence showing that David abandoned his property at their home. All the available record evidence shows that Defendants forbade David from

returning to collect his items (Email from Beth to David dated August 25, 2017 at ECF No. 39-3); instead, they agreed to make arrangements to ship his property to him (*Id.*). David inquired about his property for months. None of the record evidence shows an intent on David's part to relinquish his property. Therefore, David did not abandon his property, even if abandonment applied to a claim of statutory conversion.

Fourth and finally, Defendants argue that David failed to mitigate his losses by not removing his property from their home. This defense fails on both the facts and on the law. First, as just described, David repeatedly contacted Defendants and attempted to remove his property from their home. The record does not support a failure to mitigate defense. And, even if it did, failure to mitigate " 'does not apply, where the invasion of [] property rights is due to defendant's intentional or positive and continuous tort.' " *Allen v. Morris Building Co.*, 103 N.W.2d 491, 493 (Mich. 1960) (quoting *McCullagh v. Goodyear Tire & Rubber Co.*, 69 N.W.2d 731 (Mich. 1955). Failure to mitigate does not apply to the intentional tort of statutory conversion.

Finding that Defendants have failed to present a viable affirmative defense to their conduct, the Court concludes that Plaintiff is entitled to judgment as a matter of law on his claim. The issue of damages remains unresolved, but that does not prevent the Court from ruling on this legal issue. Fed. R. Civ. P. 56(g).

Regarding damages: The Court will open discovery for a 60-day period limited to the issue of damages. The Court does not intend to hold an evidentiary hearing on this matter, so the parties are invited to take any depositions they deem necessary and file those

transcripts along with their written submissions on the issue of damages. The Court will issue a damages opinion based on those submissions.

## IV.

The Court finds that no genuine questions of material fact remain, and that Plaintiff is entitled to summary judgment. Only the issue of damages remains outstanding. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are permitted to take discovery in this matter on the issue of damages only until January 15, 2021.

**IT IS FURTHER ORDERED** that the parties shall file written submissions on the issue of damages no later than February 16, 2021.

**IT IS SO ORDERED.**

Date: November 10, 2020                                /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge