US DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| DAVID ELLIOT WERKING | ) | |
| an Indiana Resident, | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-276 |
| | ) | Hon. Paul L. Maloney |
| vs. | ) | |
| | ) | |
| BETH EILEEN WERKING, | ) | |
| a Michigan Resident, and | ) | |
| PAUL MICHAEL WERKING, | ) | |
| a Michigan Resident, | ) | |
| | ) | |
| Defendants. | ) | |

---

POWERS & GREENGARD
Attorneys for Plaintiff
Miles L. Greengard (P76812)
The Carriage House
509 Franklin Avenue
Grand Haven, MI 49417
(616) 512-5474 (Phone)
(616) 607-7322 (Fax)
mgreengard@powersgreengard.com

VANDERBROEK LAW PLLC
Attorneys for Defendants
Anne M. VanderBroek (P81541)
17190 Van Wagoner Rd.
Spring Lake, MI 49456
(616) 607-7522 (Phone)
(616) 682-6109 (Fax)
anne@vanderbroeklaw.com

---

**WRITTEN DAMAGES SUBMISSION REQUESTING TREBLE DAMAGES AND
ATTORNEY'S FEES**

---

**TABLE OF CONTENTS**

I.      LAW AND ANALYSIS ................................................................................ 6

  1.   Damages Calculation. .................................................................................... 6

  2.   Plaintiff's Damages Should be Trebled. ....................................................... 6

    i.  There Exists a Common-Law Holding for Mandatory Trebling. ................. 6

    ii.  Permissive Trebling Is Warranted. ............................................................. 8

      1.   Standard for Permissive Trebling. .......................................................... 8

      2.   Defendants' Actions Were Willful and Wanton. .................................... 9

      3.   Defendants' Actions Are Deserving of Punishment. ........................... 10

      4.   Conclusion. ............................................................................................ 11

    iii.  Conclusion. ................................................................................................ 11

  3.   Plaintiff Should be Awarded Attorney's Fees. ........................................... 11

    i.  Introduction. ............................................................................................... 12

    ii.  Defendants Fought Every Step of Litigation Despite Lacking Legal Arguments of Merit. ......................................................................................................... 12

      1.   Introduction. .......................................................................................... 12

      2.   Plaintiff Attempted to Avoid Litigation by Sending a Letter. Before ............. 13

      3.   Defendants Admitted to Virtually All of Plaintiff's Amended Complaint. ..... 13

      4.   Defendants Unsuccessfully File a Rule 12 Motion. ............................. 14

      5.   Defendants File an Unsuccessful, and Unnecessary, Motion for Judicial Guidance. ....................................................................................................... 14

      6.   Defendants Lack Legal Bases for their Opposition to Plaintiff's Rule 56 Motion. ........................................................................................................... 16

      7.   Hartmann Pegged Replacement Cost at 119 Percent Plaintiff's Alleged Value of Property. .................................................................................................... 17

8.    Conclusion...................................................................................................... 18

**II.    CONCLUSION ............................................................................................18**

## TABLE OF AUTHORITIES

**Cases**

*Alken-Ziegler v. Hague*, 767 N.W.2d 668 (Mich. Ct. App. 2009)...........................................passim

*Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 844 N.W.2d 727 (Mich. Ct. App. 2013)...........................................................................................................................passim

*Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 871 N.W.2d 136 (Mich. 2015)......7

*Brown v. Home-Owners Ins. Co.*, 828 N.W.2d 400 (Mich. Ct. App. 2012)...................................12

*Hoffenblum v. Hoffenblum*, 863 N.W.2d 352 (Mich. Ct. App. 2014)......................................10, 11

*Howard v. National City Mortgage*, No. 323118, 2016 Mich. App. LEXIS 24 (Mich. Ct. App. Jan. 12, 2016) ...........................................................................................................................8

*Hunt v. Hadden*, 127 F. Supp. 3d 780 (E.D. Mich. 2015) .............................................8, 9, 10, 11

*Hunt v. Hadden*, 159 F. Supp. 3d 800 (E.D. Mich. 2016) ........................................12, 13, 17, 18

*Lansing Ice & Fuel Co. v. Smith*, No. 328648, 2017 Mich. App. LEXIS 571 (Ct. App. Apr. 11, 2017)...................................................................................................................................8

*McAuley v. Gen. Motors Corp.*, 578 N.W.2d 282 (1998)..........................................................12, 18

*New Props., Inc. v. George D. Newpower, Jr., Inc.*, No. 259932, 2006 Mich. App. LEXIS 2668 (Mich. Ct. App. Sept. 14, 2006)..................................................................................................8

*Reed v. Reed*, 693 N.W.2d 825 (Mich. Ct. App. 2005) ................................................................12

*Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011).........................................................................17

*Tyson v. Sterling Rental, Inc.*, 836 F.3D 571 (6th Cir. 2016) ............................................................8

**Statutes**

Mich. Comp. Laws § 554.601(b)...................................................................................................16

Mich. Comp. Laws § 600.2919a..............................................................................................passim

Mich. Comp. Laws § 600.2919a(1) ..........................................................................................6, 12

Mich. Comp. Laws § 722.625 .......................................................................................................15

**Other Authorities**

Adam D. Pavlik, *Statutory Conversion and Treble Damages: Puzzles of Statutory Conversion*, Mich. B.J., Mar. 2014 ............................................................................................................................... 8

Carolyn Muyskens, *Lawsuit over Former Ottawa Co. Man's Porn Collection Delayed*, Holland Sentinel (Oct. 13, 2019), https://www.hollandsentinel.com/news/20191013/lawsuit-over-former-ottawa-co-mans-porn-collection-delayed ...................................................... 16

John Agar, *Parents Who Were Sued for Tossing Son's Porn Collection Kept 'Worst of Worst' as Evidence, Attorney Says*, MLive (Grand Rapids) (Sept. 17, 2019), https://www.mlive.com/news/grand-rapids/2019/09/parents-who-were-sued-for-tossing-sons-porn-collection-kept-worst-of-worst-as-evidence-attorney-says.html .......... 16

**Rules**

Fed. R. Civ. Pro. 12 ...................................................................................................... 14

Fed. R. Civ. Pro. 56 ........................................................................................13, 14, 16, 18

Mich. Ct. R. 7.215(J)(1)........................................................................................... 7

# I.  LAW AND ANALYSIS

## 1.  Damages Calculation.

Defendants hired an expert witness, Dr. Victoria Hartmann ("Hartmann"), to conduct a valuation on the destroyed property. *See generally* Pl.'s Exs. 1–2; Hartmann Dep. Hartmann stated that the value of the collection "totalled [sic] $30,441.54." Pl.'s Ex. 1 at 18. Presumably, Defendants stand by the valuation of Hartmann.

However, Hartmann was unable to find 107 total titles. See *id.* at 15, 18.  Hartmann used thirty-six dollars as a substitute value for films listed on Exhibit 5, and fourteen dollars for films listed on Exhibit 6. *Id.* at 14, 16–17. This adds an additional $2532, bringing the total value of the collection to $32,973.54. Plaintiff submits this total to the court for base damages.

## 2.  Plaintiff's Damages Should be Trebled.

### i.  There Exists a Common-Law Holding for Mandatory Trebling.

In the seminal decision on Michigan's statutory conversion law, the Michigan Court of Appeals wrote that "MCL 600.2919a(1) provides that a person damaged under the statute '*may* recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees[.]' . . . The term 'may' is permissive and indicates discretionary activity." *Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 844 N.W.2d 727, 732 (Mich. Ct. App. 2013) (citation omitted). Michigan courts have since followed the 'permissive' rather than 'mandatory' guidelines established in the *Aroma Wines* decision; however, there exists a published decision that requires trebling that predates the court of appeals' finding in *Aroma Wines.*

*Alken-Ziegler v. Hague*, 767 N.W.2d 668, 671 n.6 (Mich. Ct. App. 2009) states that a plaintiff has a "right to recover three times the amount of actual damages under MCL

600.2919a." This finding has never been distinguished under Michigan case law. *Aroma Wines* cites *Alken-Ziegler* for other purposes, *Aroma Wines*, 844 N.W.2d at 731, but instead relies on two <u>unpublished</u> decisions for its determination that treble damages are permissive rather than mandatory, stating "whether to award treble damages is a question for the trier of fact, and we cannot simply order treble damages upon a finding of conversion. This Court has come to this conclusion previously in its unpublished decisions." *Id.* at 732. The court of appeals in *Aroma Wines* is silent as to why, in contravention of Mich. Ct. R. 7.215(J)(1), it negates the stare decisis of *Alken-Ziegler* and instead relies on unpublished opinions for the issue of trebling.

*Alken-Ziegler* has not been distinguished by any appellate court, or even the Michigan Supreme Court. Indeed, in the appeal from the Michigan Court of Appeals' *Aroma Wines* decision, the Michigan Supreme Court stated that

> Aroma's application for leave to appeal . . . asserted . . . that the Court of Appeals erred by concluding that treble damages were discretionary upon a finding of statutory conversion. We deny the application for leave to appeal with respect to this issue because we are not persuaded that the question presented should be reviewed by this Court.

*Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 871 N.W.2d 136, 140 n.10 (Mich. 2015).

While there is a lengthy history of Michigan courts following the 'permissive' standard of trebling, *Alken-Ziegler* remains good law[1] and should guide this Court to find that Mich. Comp. Laws § 600.2919a provides for mandatory trebling.[2]

    ii.    <u>Permissive Trebling Is Warranted.</u>

    1.    *Standard for Permissive Trebling.* If this Court follows the standard established in *Aroma Wines* as opposed to that from *Alken-Ziegler,* it will unfortunately lack clear direction "on the showing a plaintiff must make to recover treble damages for statutory conversion under section 600.2919a." *Hunt v. Hadden*, 127 F. Supp. 3d 780, 785 (E.D. Mich. 2015) ("*Hunt I*").

In *Hunt I*, the court compared trebling in statutory conversion claims to trebling in trespass:

> The foregoing authority suggests that there is little likelihood that the Michigan Supreme Court would treat the assessment of treble damages under the statutory conversion statutes differently than treble damages for trespass. Both are akin to punitive damages under Michigan law. The plaintiffs therefore must establish their right to treble damages for statutory conversion with evidence that the defendants acted willfully or wantonly in converting [the property at issue].

---

[1] In addition to *Alken-Ziegler*, 767 N.W.2d 668 (Mich. Ct. App. 2009) being good law, *Howard v. National City Mortgage*, No. 323118, 2016 Mich. App. LEXIS 24, at *19 (Mich. Ct. App. Jan. 12, 2016) and *Lansing Ice & Fuel Co. v. Smith*, No. 328648, 2017 Mich. App. LEXIS 571, at *8 (Ct. App. Apr. 11, 2017), both state that a party is "entitled" to treble damages under the statutory conversion statute. *See also New Props., Inc. v. George D. Newpower, Jr., Inc.*, No. 259932, 2006 Mich. App. LEXIS 2668, at *49 (Mich. Ct. App. Sept. 14, 2006). Further, *Tyson v. Sterling Rental, Inc.*, 836 F.3D 571, 581 (6th Cir. 2016) states that Mich. Comp. Laws § 600.2919a "comes with the added benefit of treble damages and a fee-shifting provision" (as opposed to stating it comes with merely a *potential* added benefit).

[2] There is also a statutory construction argument that the legislature intended Michigan's statutory conversion law to be read as mandatory rather than permissive. *See* Adam D. Pavlik, *Statutory Conversion and Treble Damages: Puzzles of Statutory Conversion*, Mich. B.J., Mar. 2014, at 37–38.

*Hunt I*, 127 F. Supp. 3d at 786.

The purpose of the trebling provision supports the use of the "willful or wanton" standard. *Alken-Ziegler* stated "[Mich. Comp. Laws §] 600.2919a is a punitive statute that provides for recovery of three times the amount embezzled. Punitive damages reflect a worthy public policy consideration of punishing dishonest defendants and setting an example for similar wrongdoers." *Alken-Ziegler*, 767 N.W.2d at 671. The court in *Hunt I* noted that "[e]very Michigan court to consider the issue has found that treble damages under Michigan Compiled Laws § 600.2919a is punitive in the traditional sense, that is, to punish the defendant for wrongdoing." *Hunt I*, 127 F. Supp. 3d at 784.  Accordingly, if Plaintiff can show that Defendants' actions were willful and/or wanton, Plaintiff should be entitled to trebled damages.

2.     *Defendants' Actions Were Willful and Wanton.* There is little doubt that Defendants' actions were willful and wanton; Defendants' own statements belie their intent and their actions. *See generally* Pl.'s Am. Compl. Exs. 1–3, ECF No. 8-1–8-3, PageID.246-258. Defendant Paul Werking ("Paul") stated:

> I don't think that you [Plaintiff] have been listening to me, so let me make this very clear. I do not possess your pornography. It is gone. It has been either destroyed or disposed of. . . .
>
> . . . .
>
> . . . We counted twelve moving boxes full of pornography plus two boxes of 'sex toys' as you call them. We began that day the process of destroying them and it took quite a while to do so. . . .
>
> . . . Frankly, David, I did you a big favor by getting rid of all this stuff for you. If you are smart, you will get counselling and give up your porn addiction. However, if you really want to totally ruin what is left of your life, by all means go ahead and sue me.

Pl.'s Am. Compl. Ex. 2, ECF No. 8-2, PageID.253-254.

These are not the words of an accidental actor; they are the boasts of someone who actively destroyed the Property and took great pleasure in doing so. In a later e-mail, Paul stated:

> I found DVDs depicting . . . detestable practices in your collection. Such things should not be promoted, celebrated, or glamorized. Any civilization that tolerates or promotes these acts will not survive. Any individual that puts this garbage into his mind (whether or not he commits these acts) will also suffer. It should be no surprise to anyone that a person who watches this stuff every day will have nightmares and/or strange dreams.

Pl.'s Am. Compl. Ex. 3, ECF No. 8-3, PageID.256. Whether a person agrees with Paul's world view concerning pornography is irrelevant; that his actions were willful and wanton, and not merely negligent, in converting Plaintiff's property is obvious.

Likewise, law enforcement stated that Defendant Beth Werking ("Beth") admitted that Defendants "didn't wish to transport the items to Indiana to deliver to [Plaintiff] and [Defendants] didn't want [the Property] in their house; so Beth advised the items were destroyed and discarded." Pl.'s Am. Compl. Ex. 1, ECF No. 8-1, PageID.248. Though Beth does not appear to have taken the pleasure in the destruction of Plaintiff's Property that Paul did, her admission to law enforcement is clear: she *willfully* participated in the destruction of Plaintiff's Property.

Accordingly, because both Defendants destroyed Plaintiff's Property willfully, and at least Paul also destroyed it wantonly, Plaintiff is entitled to treble damages for Defendants' statutory conversion of his property. *See Hunt I*, 127 F. Supp. 3d at 786.

       3.     *Defendants' Actions Are Deserving of Punishment.* Defendants' conversion by destruction of Plaintiff's Property is a type of behavior that deserves punishment. In *Hoffenblum v. Hoffenblum*, 863 N.W.2d 352, 360 (Mich. Ct. App. 2014), the court found that a

district court's decision not to award treble damages pursuant to Mich. Comp. Laws §
600.2919a "because defendant's action in withdrawing funds from the accounts, rather than
being rooted in dishonest motives, was instead in reliance on advice defendant received from
his financial planner" was "within the range of principled outcomes." In contrast, in this case,
Defendants destroyed the Property out of disgust, and because they did not wish to take it to
its rightful owner. *See* Pl.'s Am. Compl. Ex. 1, ECF No. 8-1, PageID.248; *see also* Pl.'s Am.
Compl. Exs. 2–3, ECF No. 8-2–8-3, PageID.253-258 (in which Paul repeatedly emphasizes
his disgust for the Property). From a public policy standpoint, this type of conduct is deserving
of punishment, and trebling the damages would also "set[] an example for similar wrongdoers"
that destruction of another's property for these reasons is not permissible. *Alken-Ziegler*, 767
N.W.2d at 671.

        4.     *Conclusion.* Even if this Court finds that the trebling provision of Mich.
Comp. Laws § 600.2919a is permissive, rather than mandatory, *but see supra* § I(2)(ii),
Defendants' actions still should be subject to the trebling provision. Defendants willfully—
and at least Paul wantonly—destroyed Plaintiff's property because they found it distasteful.
*See supra* § I(2)(ii)(2)–(3). This conduct is deserving of punishment, and, thus, the trebling
provision. *See Hunt I*, 127 F. Supp. 3d at 784; *Alken-Ziegler*, 767 N.W.2d at 671; *supra* § I(2)(ii)(3).

iii.       <u>Conclusion.</u>

        Accordingly, whether pursuant to *Alken-Ziegler* mandatory trebling, or pursuant to
*Aroma Wines* permissive trebling and using the *Hunt I–Alken-Ziegler–Hoffenblum* standard,
Plaintiff's damages of <u>$32,973.54 should be trebled</u>. Plaintiff should be awarded $98,920.62.

    3.  **Plaintiff Should be Awarded Attorney's Fees**

i.      Introduction.   "Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed v. Reed*, 693 N.W.2d 825, 845 (Mich. Ct. App. 2005). Plaintiff seeks attorney's fees under Mich. Comp. Laws § 600.2919a(1)—an explicit statutory remedy for "reasonable attorney fees." This Court's "decision to grant or deny a motion for attorney fees presents a mixed question of fact and law." *Aroma Wines*, 844 N.W.2d at 733 (quoting *Brown v. Home-Owners Ins. Co.*, 828 N.W.2d 400, 406 (Mich. Ct. App. 2012)).

Because "[a]ttorney's fees under Michigan law . . .  are generally compensatory in nature" and "[t]he 'purpose of compensatory damages is to make the injured party whole for the losses actually suffered[,]' [a] prevailing plaintiff should ordinarily be entitled to attorney fees upon a showing that 'he has incurred such fees.'" *Hunt v. Hadden*, 159 F. Supp. 3d 800, 805 (E.D. Mich. 2016) (citations omitted) (quoting *McAuley v. Gen. Motors Corp.,* 578 N.W.2d 282, 285–86 (1998)) ("*Hunt II*"). In relation to Michigan's statutory conversion law, no court has set a bright-line standard for requirements to be met for an award of attorney's fees; however, based on *Hunt II*, the Court can determine that Plaintiff is entitled to fees that will make him "whole for the losses [Plaintiff] actually suffered." *McAuley*, 578 N.W.2d at 285.

ii.      Defendants Fought Every Step of Litigation Despite Lacking Legal Arguments of Merit.

1.  *Introduction.* In *Hunt II*, the court awarded fees as the defendants had a "proclivity of contesting every legal point to its ultimate conclusion, regardless of the strength of their position. The plaintiffs eventually recovered the full amount they were seeking on the statutory conversion claim. They have shown that they are entitled to a discretionary award of attorney's fees under section 600.2929a(1)." *Hunt II*, 159 F. Supp. 3d at 806. In the instant dispute, Defendants fought every single attempt made by Plaintiff to bring the dispute to an

Page 12 of 19

earlier, amicable resolution, and, like in *Hunt II*, despite the legal merits, Defendants contested every single position.

      2.  *Plaintiff Attempted to Avoid Litigation by Sending a Letter. Before* the suit was filed, Plaintiff requested compensation for the destroyed Property in a letter to Defendants. Pl.'s Am. Compl. Ex. 7, ECF No. 8-7, PageID.320-321. Only after this letter went unanswered did Plaintiff file his complaint. *See* Pl.'s Compl., ECF No. 1, PageID.5. Plaintiff's letter asked for compensation for $28,940.72, Pl.'s Am. Compl. Ex. 7, ECF No. 8-7, PageID.320, an amount that was later reduced as Defendants turned over some of the Property they had not yet destroyed. Eventually, Hartmann valued the replacement of the Property at $30,441.54; 105 percent of the original demand letter!

      3.  *Defendants Admitted to Virtually All of Plaintiff's Amended Complaint.* In response to Plaintiff's Amended Complaint, ECF No. 8, PageID.241, Defendants admitted, in response 14, Plaintiff's allegation that "[o]n November 22, 2017, Plaintiff requested his Property from [Paul]." Defs.' Answer Pl.'s Am. Compl., ECF No. 18, Page ID.623. Defendants also admitted, in response 23, that "B[eth] admitted that the Property was 'destroyed and discarded.'" *Id.* at PageID. 624.; *see also* Pl.'s Am. Compl., ECF No. 8, PageID.242. Defendants admitted, in response 33, that "[b]y destroying the property, Defendants deprived Plaintiff of his Property." Defs.' Answer Pl.'s Am. Compl., ECF No. 18, Page ID.625; *see also* Pl.'s Am. Compl., ECF No. 8, PageID.243. Each of these admissions formed the basis for Plaintiff's Rule 56 Motion. *See generally* Pl.'s Mot. Summ. J., ECF No. 16, PageID.488-489; Pl.'s Br. Supp. Mot. Summ. J., ECF No. 16, PageID.490-502.

      Defendants added affirmative defenses based on mitigation of damages, assumption of risk, a general prohibition on pornography at Defendants' house, and

abandonment. Defs.' Answer Pl.'s Am. Compl, ECF No. 18,  PageID.627-628 (affirmative defense 2, 8–10). Each of these affirmative defenses would eventually prove ineffectual when this Court rejected each. Op. & Order of 11/10/20, ECF No. 45, PageID.783. Defendants had no legal grounds for the defenses proffered in their answer.

4. *Defendants Unsuccessfully File a Rule 12 Motion.* Despite Defendants admitting to the crux of Plaintiff's complaint, Defendants filed a Rule 12 motion *against* Plaintiff[3] *See* Defs.' Mot. Summ. J., ECF No. 12, PageID.341-342. In Defendants' brief in support, they misstate *Aroma Wines*'s definition of 'own use,' stating that "own use of a pornography would, presumably, be to derive some sort of titillation or physical pleasure from the viewing of the pornography or use of the sex toys . . . [or] the sale of the sex toys or pornography. However, Plaintiff has failed to plead that the defendants did either." Defs.' Br. Supp. Mot. Summ. J., ECF No. 12, PageID.345.

This Court whole-heartedly rejected Defendants' arguments, stating that "applying the lesson [of *Aroma Wines*] to this case is as simple as substituting David for Aroma Wines and Paul and Beth for Columbian and changing the subject matter from wine to pornography." Op. & Order of 8/2/19, ECF No. 15, PageID.486. Yet, despite a complete rejection of their defenses, Defendants continued their pattern of obfuscation.

5. *Defendants File an Unsuccessful, and Unnecessary, Motion for Judicial Guidance.* On September 16, 2019, Defendants filed a "Motion for Protective Order and Judicial Guidance," ECF No. 20, PageID.640-641, in which the brief in support alleged that Defendants "retained some additional material belonging to Plaintiff, what they termed 'the worst of the worst,' . . .

---

[3] The document in question is entitled "Motion for Summary Judgment Pursuant to Fed. R. Civ. Pro. 56"; however, the motion's text makes it clear that it is a Rule 12 motion.

the 'cover art' [of which] appears to depict highly obscene and likely criminal material, including matters of bestiality and, potentially, child pornography." Defs.' Br. Supp. Mot. Protective Order, ECF No. 20, PageID.643.[4] Defendants stated that "[a]cts of bestiality are graphically displayed as are scenes which appear to include minors in sexual displays." *Id.* at PageID.643-644. The brief continues, stating that "[s]hould Defendants return the material to the Plaintiff, . . . they are, essentially, trafficking or distributing child pornography." *Id.* at PageID.644. Said motion is especially disconcerting, as Defendants, and their counsel, admitted that they did not "view[] the content of the discs," yet still felt obligated to ask this Court how to proceed. *Id.* at PageID.643.

This Court again rejected Defendants' request, stating that it "simply lacks the power to provide defendants "guidance" on what to do with the additional materials or to immunize defendants, or their son for that matter, from criminal responsibility should these materials be found to contain child pornography or other contraband." Op. & Order of 10/9/19, ECF No. 29, PageID.675.

Defendants and counsel would have been well within their rights to turn the 'questionable' material over to law enforcement without asking leave of the Court. *See* Mich. Comp. Laws § 722.625. Proceedings in the case were then stayed while law enforcement investigated. Op. & Order of 10/9/19, ECF No. 29, PageID.675. The Ottawa County Sheriff's Department eventually failed to "locate any evidence of child sexually abusive

---

[4] Incidentally, in their answer to Plaintiff's Amended Complaint, Defendants stated in response 24 that they "[d]en[ied] that [they] have knowingly retained any of Plaintiff's property as of the filing of the amended complaint." Defs.' Answer Pl.'s Am. Compl., ECF No. 18, PageID.624. Yet, they stated in this motion that "they retained some additional material belonging to Plaintiff . . . 'just in case.'" Defs.' Br. Supp. Mot. Protective Order, ECF No. 20, PageID.643.

content…[or]…. child sexually abusive material." Joint Status Report, ECF No. 30, PageID.688.

This detour was not merely idle speculation in the halls of justice—rather, the allegation that Plaintiff trafficked in child pornography spread across the internet. *See, e.g.,* Carolyn Muyskens, *Lawsuit over Former Ottawa Co. Man's Porn Collection Delayed*, Holland Sentinel (Oct. 13, 2019), https://www.hollandsentinel.com/news/20191013/lawsuit-over-former-ottawa-co-mans-porn-collection-delayed; John Agar, *Parents Who Were Sued for Tossing Son's Porn Collection Kept 'Worst of Worst' as Evidence, Attorney Says*, MLive (Grand Rapids) (Sept. 17, 2019), https://www.mlive.com/news/grand-rapids/2019/09/parents-who-were-sued-for-tossing-sons-porn-collection-kept-worst-of-worst-as-evidence-attorney-says.html. Plaintiff's name is now forever linked to child pornography because of Defendants' baseless allegations that served little but to delay, run up Plaintiff's bills, and sully his name.

6. *Defendants Lack Legal Bases for their Opposition to Plaintiff's Rule 56 Motion.* Plaintiff filed a Federal Rule of Civil Procedure Rule 56 Motion based on the uncontroverted facts (see *supra* § I(3)(ii)(3)). Pl.'s Mot. Summ. J., ECF No. 16, PageID.488-489. Defendants opposed the motion based on four theories of affirmative defense – Michigan's Landlord and Tenant Relationship Act, Mich. Comp. Laws § 554.601(b), abandonment, assumption of risk, and mitigation of losses. Def.'s [sic] Br. Opp. Pl.'s Mot. Dismiss,[5] ECF No. 33, PageID.711-716. Defendants' brief contained few facts and no references to on-point case law or statutory defenses. *See generally id.*

This Court found no support in case law or statute for any of the pled affirmative defenses. *See* Op. & Order of 11/10/20, ECF No. 45, PageID.781-783. Rule 56 motions are

---

[5] This is, presumably, a scrivener's error.

rarely granted before the commencement of discovery. *See, e.g., Siggers v. Campbell*, 652 F.3d 681, 695–96 (6th Cir. 2011). However, this Court granted Plaintiff's motion based on the strength of his claims, despite Defendants' obstinance. Defendants' opposition, however, did cause Plaintiff to undergo two separate additional briefings, and nearly fifteen months of additional waiting for resolution of his claim, despite Defendants' lacking any standing to contest Plaintiff's claim.

7.   *Hartmann Pegged Replacement Cost at 119 Percent[6] Plaintiff's Alleged Value of Property.* Hartmann has alleged replacement cost as $30,441.54.[7] Pl.'s Ex. 1 at 18. Defendants, at their own expense, hired Hartmann to value the collection. *See generally* Hartmann Dep. Hartmann has pegged the collection at 119 percent of Plaintiff's valuation of the collection. Hartmann spent at least fifty hours performing this work. Hartmann Dep. 36:9–12. Defendants' last and best chance of reducing or defeating Plaintiff's claim—Defendants' own hired expert—in all her work, not only failed to reduce Plaintiff's damages claim, but, indeed, grew the claim by fourteen percent. It is Defendants, not Plaintiff, who forced the proceedings in the instant case to proceed "to its ultimate conclusion regardless of the strength of their position." *Hunt II*, 159 F. Supp. 3d at 806.

---

[6] But see § I(1), *supra*, for a damages valuation that is higher once the non-valued property is included.

[7] Despite Defendants' previous assertion that they didn't have any property, *see, e.g.,* Defs.' Answer Pl.'s Am. Compl., ECF No. 18, PageID.624, 626 (response 24, 41), Defendants periodically discovered new property that wasn't previously destroyed. Plaintiff has accordingly reduced his damages claim. *Compare, e.g.*, Pl.'s Compl., ECF No. 1, PageID.5 (¶ 35(a)) *with* Pl.'s Am. Compl., ECF No. 8, PageID.244 (¶ 44(a)), and Pl.'s Br. Opp. Defs.' Mot. Summ. J., ECF No. 13, PageID.367 (§ 5).

8. *Conclusion.* Defendants have showcased their "proclivity of contesting every legal point to its ultimate conclusion, regardless of the strength of their position." *Hunt II*, 159 F. Supp. 3d at 806. What they have not shown, however, are any valid arguments to contest Plaintiff's position. From a failed request to dismiss Plaintiff's complaint, to failing to survive a Rule 56 motion before the commencement of discovery, Defendants' have lacked any legal defenses but have managed to inflict nearly $15,000 of legal fees on Plaintiff, Pl.'s Ex. 3, sullied his name by associations with child pornography, and forced him to wait nearly two years for resolution of the simple dispute. This Court should award Plaintiff's attorney fees so that he is made whole. *See Hunt II*, 159 F. Supp. 3d at 805 (citing *McAuley*, 578 N.W.2d at 285–86); *McAuley*, 578 N.W.2d at 285.

II.     **CONCLUSION**

Defendants' actions in destroying Plaintiff's Property were willful and wanton and represent a worthy target of punitive damages. *See generally* § II(2)(iii)(2)–(3). Defendants had no right to destroy the Property. Op. & Order of 11/10/20, ECF No. 45, PageID.777-784. Even Defendants' attempts to discount the value of Plaintiff's collection have failed, as Defendants' own expert, Hartmann, valued the collection at 119 percent of Plaintiff's initial request. *See generally supra* § II(1) Defendants have unsuccessfully, yet expensively, contested Plaintiff's every step, made baseless allegations, and served only to increase legal billings and slow the inevitable march of justice. *See generally* § II(3)(ii). Though the law may merely permit this Court to award punitive damages of trebling and to award attorney's fees; justice demands that this Court make Plaintiff whole. This Court should not ignore that call and should award Plaintiff treble damages and attorney's fees, for a total award of $113,440.44.

Dated: February 28, 2021                POWERS & GREENGARD

/s/ Miles L. Greengard
Miles L. Greengard (P76812)
Attorney for Plaintiff
The Carriage House
509 Franklin
Grand Haven, Michigan 49417
(616) 350-8760
mgreengard@powersgreengard.com