UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID WERKING, ) | |
|        Plaintiff, ) | |
| ) | No. 1:19-cv-276 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| BETH WERKING and PAUL WERKING, ) | |
|        Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on both parties' written submissions on damages (ECF Nos. 50, 52). On November 10, 2020, the Court found that Plaintiff David Werking was entitled to summary judgment on his claim of statutory conversion under Michigan law (*see* ECF No. 45). Michigan law provides that "[a] person damaged as a result of [statutory conversion] may recover 3 times the amount of actual damages, plus costs and reasonable attorney fees[.]" M.C.L. § 600.2919a(1). This language requires the Court to resolve three issues before awarding damages: 1) the amount of Plaintiff's damages; 2) whether he is entitled to treble damages; and 3) whether he is entitled to attorney fees.

First, Plaintiff's damages. Defendants hired an expert in pornography valuation, Dr. Victoria Hartmann, to conduct a valuation on the destroyed property. Dr. Hartmann found that the value of Plaintiff's destroyed pornography collection was $30,441.54 (*see* ECF No. 50-1 at PageID.829). This valuation is incomplete: Dr. Hartmann was unable to provide a valuation for 107 titles on Plaintiff's list. However, given the wide range of valuations for individual pieces and the inability of Dr. Hartmann to even estimate the value of these pieces,

the Court declines to use an average value to award damages for these titles. The Court finds the $30,441.54 to be the best valuation of Plaintiffs' destroyed property under the circumstances, and will award Plaintiff actual damages in that amount.

Second, whether Plaintiff is entitled to treble damages. Michigan law is unclear whether § 600.2919a constitutes a permissive or mandatory trebling scheme. In 2013, the Michigan Court of Appeals wrote that "[t]he term 'may' [in M.C.L. § 600.2919a(1)] is permissive and indicates discretionary activity." *Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 844 N.W.2d 727, 732 (Mich. Ct. App. 2013). Michigan courts have since followed the permissive structure established in *Aroma Wines*. However, Plaintiff asks the Court to follow an earlier Court of Appeals decision that found M.C.L. § 600.2919a(1) to be mandatory, rather than permissive: *Alken-Ziegler, Inc. v. Hague*, 767 N.W.2d 668, 671 n. 6 (Mich. Ct. App. 2009). The *Aroma Wines* panel cited the *Alken-Ziegler* decision (albeit for other purposes), so the Court of Appeals was aware of that contrary precedent and chose not to follow it. Thus, this Court will follow the Court of Appeals' lead and apply *Aroma Wines* rather than *Alken-Ziegler* to conclude that an award of treble damages is discretionary, not mandatory. The Court is well aware of the record in this case and its ruling on Plaintiff's motion for summary judgment, and the Court chooses to exercise its discretion not to award treble damages.

However, the Court will award attorney fees to Plaintiff, given Plaintiff's total success in this matter. But the billing summary submitted by Plaintiff's counsel is insufficient: The Court requests a more detailed submission, outlining counsel's hourly rate and specific time spent on major aspects of this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel shall submit a more detailed billing statement no later than **August 9, 2021.** Defense counsel may file a response by August 23, 2021. After evaluation, the Court will enter judgment in this matter in accordance with this opinion and an award of attorney fees.

**IT IS SO ORDERED.**

Date: <u>July 21, 2021</u>                                     <u>/s/ Paul L. Maloney</u>
                                                                                  Paul L. Maloney
                                                                                  United States District Judge